JOSEPH R. KREVIS ET AL. *v.* CITY OF BRIDGEPORT
(AC 19438)

Schaller, Spear and O'Connell, Js.

Argued January 23—officially released July 10, 2001

*George C. Springer, Jr.,* for the appellant (named plaintiff).

*John R. Mitola,* associate city attorney, with whom, on the brief, was *John H. Barton,* associate city attorney, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Joseph R. Krevis,[1] appeals from the summary judgments rendered in favor of the defendant, the city of Bridgeport, in two cases that were consolidated for trial. Summary judgment was rendered in each case on the grounds that a municipality is not liable for punitive damages absent a statute or agreement providing for such damages and that the plaintiff failed to bring an action against an individual employee under General Statutes § 7-465. On appeal, the plaintiff claims that the trial court improperly (1) rendered judgments on the negligence counts asserted in the consolidated cases on the basis of § 7-465, (2) dismissed the cases on the basis of a defense contained in § 7-465 when such defense had not been pleaded by the defendant and (3) concluded that no private right of action exists for violation of the Freedom of Information Act, General Statutes § 1-200 et seq. We reverse the judgments without reaching the merits of the plaintiff's claims because we conclude that it was improper for the court to render the summary judgments as it did.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The plaintiff, a former employee of the defendant, brought two separate actions against the defendant. In one complaint, the first count alleged invasion of privacy in connection with the alleged disclosure of medical and personnel file data to agents of the Internal Revenue Service. The second and third counts alleged intentional, wanton or reckless conduct on the part of the

---

[1] Jean M. Krevis, the wife of Joseph R. Krevis, also was a plaintiff at trial. Only Joseph R. Krevis has appealed from the judgments of the trial court. We therefore refer in this opinion to Joseph R. Krevis as the plaintiff.

defendant in disclosing the same data. The fourth count alleged negligence. The fifth count alleged negligent infliction of emotional distress as a result of the disclosure. The court later consolidated that five count complaint with a second complaint alleging disclosure of medical and personnel information to Total Employee Case, Inc., a corporation charged by the defendant with administering certain medical claims, and to a witness for the defendant who testified about the records in a hearing before the workers' compensation commission in which the plaintiff sought heart and hypertension benefits.

On the day jury selection was to commence, the court heard a motion in limine submitted by the defendant to prevent references to punitive damages and attorney's fees during the trial. In the motion, the defendant discussed the nature of the governmental immunity of municipalities. The court granted the motion in limine, barring reference to punitive damages or attorney's fees.

Immediately thereafter, counsel for the plaintiff questioned the nature of the ruling, stating that "my impression is [that the court is] making a ruling based upon the governmental immunity statute." The court replied that "[the governmental immunity statute] applies—if you want me to expand that to the cause of action, I can very easily do that." Counsel for the plaintiff responded, "I'm not exactly sure how I should take that," to which the court replied, "[y]ou better take it very carefully, counselor . . . because if I do go into it, it may jeopardize this entire action." Counsel for the plaintiff then asked for a recess to confer with his client.

After the recess, counsel for the plaintiff stated, "I will say for the record that I certainly do not want to go through the effort of a three, four, possibly five day trial only, at the end of the day, to have my case

dismissed. If the court at this point is prepared to make a ruling on the applicability of the governmental immunity statute as to the claims in this case, we will accept the judgment of the court and take appropriate action." The court acknowledged the irregularity of a summary judgment ruling under the circumstances.[2]

Counsel for the defendant interjected that "an oral motion for summary judgment" might be an appropriate way to resolve questions on the application of governmental immunity. The court, after further discussion with counsel for the plaintiff over whether defense counsel had exceeded the scope of the motion in limine in his discussion of applicable law, found governmental immunity applicable to all counts and dismissed the actions. The plaintiff appealed from the judgments.

At oral argument, this court questioned the propriety of the trial court's granting the motion for summary judgment as it did in the present case. This court thus ordered supplementary briefs as to why an oral motion for summary judgment was proper.

Prior to any discussion of the merits of the present appeal, we must address the preliminary issue of whether it was proper, under the circumstances of this case, for the trial court to hear and grant the motion for summary judgment. We conclude that it was improper for the court to do so and reverse the grant of summary judgment.

Neither party claims on appeal that the summary judgment procedure was improper. "[O]ur sua sponte

---

[2] The court stated: "I understood the remarks of plaintiff's counsel to invite a ruling on the issue of the viability of each and every count that has been alleged in this case. Ordinarily, from a procedural standpoint, that would not become a matter to be disposed of or to be considered until at the very earliest a motion—upon the completion of the plaintiff's case and a motion for a directed verdict; however, counsel has requested that such a ruling be made, and I will accommodate that request and allow all sides an opportunity to be heard on that subject . . . ."

invocation of plain error review is warranted when the following requirements are satisfied: (1) we discuss the rule and articulate why it is appropriate; and (2) we give the parties an opportunity to brief the issue." *State* v. *Washington,* 39 Conn. App. 175, 179, 664 A.2d 1153 (1995). "Our Supreme Court has stated that a trial court's failure to follow the mandatory provisions of a statute prescribing trial procedures or to follow a procedural rule constitutes plain error." (Internal quotation marks omitted.) *State* v. *Tinsley,* 59 Conn. App. 4, 18, 755 A.2d 368, cert. denied, 254 Conn. 938, 761 A.2d 765 (2000). We announced our concerns as to the court's granting an oral motion for summary judgment and ordered briefs on the matter, thereby complying with the requirements set forth in *Washington.* The question, therefore, is whether the summary judgment procedures are mandatory and, thus, whether the failure to adhere to the requisite procedures constitutes plain error.

At the outset, we acknowledge that "[t]he motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." *Wilson* v. *New Haven,* 213 Conn. 277, 279, 567 A.2d 829 (1989). This object is not to be obtained without limitation, however, and courts are bound by the relevant rules of practice.

"The rules of statutory construction apply with equal force to Practice Book rules. . . . Where the meaning of a statute [or rule] is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction. . . . A cardinal rule of statutory construction is that where the words of a statute [or rule] are plain and unambiguous the intent of the [drafters] in enacting the statute [or rule] is to be derived from the words used. . . . Where the court is provided with a clearly written rule, it need

look no further for interpretive guidance." (Citation omitted; internal quotation marks omitted.) *Schiappa* v. *Ferrero*, 61 Conn. App. 876, 882, 767 A.2d 785 (2001).

The following provisions of our rules of practice are relevant to our review of the summary judgment procedure in the present case. Practice Book § 11-10 requires that memoranda of law be filed in support of and in opposition to a summary judgment motion.[3] Practice Book § 17-44 permits a court to hear a motion for summary judgment after the case has been assigned for trial.[4] Practice Book § 17-45 provides the relevant procedures to be followed when filing a motion for summary judgment.[5]

In the present case, there is no indication that either party filed a memorandum. The motion for summary judgment was raised and decided on the same day. Although the court is permitted to entertain such a motion after the case is assigned for trial; see Practice Book § 17-44; the court is not accorded the discretion to waive the memoranda requirement under § 11-10.

[3] Practice Book § 11-10 provides in relevant part: "A memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with . . . (5) motions for summary judgment. . . ."

[4] Practice Book § 17-44 provides in relevant part: "In any action . . . any party may move for a summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. . . . The pendency of a motion for summary judgment shall delay trial only at the discretion of the trial judge."

[5] Practice Book § 17-45 provides: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings."

We further acknowledge that "we are directed to interpret liberally the rules of practice, [however] that liberal construction applies only to situations in which 'a strict adherence to them [will] work surprise or injustice.' Practice Book § 1-8 . . . ." *Pitchell* v. *Hartford*, 247 Conn. 422, 432, 722 A.2d 797 (1999). There is no evidence that declining to provide an immediate ruling would work a surprise or injustice. In fact, the evidence is to the contrary.[6]

It is settled law that a court may not, sua sponte, raise and decide a motion for summary judgment. *Miller* v. *Bourgoin*, 28 Conn. App. 491, 500, 613 A.2d 292, cert. denied, 223 Conn. 927, 614 A.2d 825 (1992); *Cummings & Lockwood* v. *Gray*, 26 Conn. App. 293, 300, 600 A.2d 1040 (1991); *Booth* v. *Flanagan*, 19 Conn. App. 413, 415, 562 A.2d 592 (1989). This court has stated that "a court may not grant summary judgment sua sponte, and that pursuant to Practice Book [§ 17-44], a person seeking summary judgment . . . *must file* an appropriate motion addressed to it." (Emphasis added.) *Hope's Architectural Products, Inc.* v. *Fox Steel Co.*, 44 Conn. App. 759, 762–63 n.4, 692 A.2d 829, cert. denied, 241 Conn. 915, 696 A.2d 985 (1997). We also have stated that "[t]he issue first must be raised by the motion of a party and *supported by affidavits, documents or other forms of proof.*" (Emphasis added; internal quotation marks omitted.) *Miller* v. *Bourgoin*, supra, 500. In the present case, neither a motion nor supporting docu-

---

[6] Counsel for the plaintiff, prior to the court's decision on the motion for summary judgment, stated, "I didn't come here, Judge, to walk out of this courthouse. . . . [Y]our ruling was based upon the governmental immunity statute. That's what it's based on. . . . That was an issue that [the defendant] briefed wholly, separate and apart from the motion in limine. That was an appeal in effect on a motion for summary judgment to say that . . . we're not entitled to compensatory damages." Counsel further stated, "[T]he effect of your ruling is . . . a motion for summary judgment. That's what I'm getting at . . . ."

ments were filed in support of the summary judgment motion.[7]

Under the circumstances of this case, the court improperly rendered summary judgment. Although the plaintiff stated that he would prefer not to proceed to trial only to have his case dismissed, efficiency alone is not an adequate basis for circumventing the rules of practice. No "surprise or injustice"; (internal quotation marks omitted) *Pitchell* v. *Hartford*, supra, 247 Conn. 432; was evident in this case that would afford this court a basis for construing the rules in a manner to preclude the requirements of filing a motion for summary judgment, memoranda in support of the motion and any other relevant supporting documents. See Practice Book §§ 11-10, 17-44 and 17-45; *Hope's Architectural Products, Inc.* v. *Fox Steel Co.*, supra, 44 Conn. App. 762–63 n.4; *Miller* v. *Bourgoin*, supra, 28 Conn. App. 500. The court was without authority to render summary judgments on the complaints as it did, and its action constitutes plain error.

The judgments are reversed and the cases are remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[7] Under the circumstances of this case, we need not consider whether a memorandum of law filed in support of a motion in limine suffices as a memorandum of law in support of a motion for summary judgment. In the present case, the court had ruled on the motion in limine. Thus, the motion in limine was not reviewed by the trial court as a motion for summary judgment. See, e.g., *Haynes* v. *Yale-New Haven Hospital*, 243 Conn. 17, 32 n.17, 699 A.2d 964 (1997) (proceeding in which motion for summary judgment was reviewed as if it were motion to strike). The court rendered its ruling on the motion in limine prior to considering a summary judgment motion.