JOSEPH R. KREVIS ET AL. *v.* CITY OF BRIDGEPORT
(AC 19438)

Schaller, Dranginis and Bishop, Js.

Argued September 19—officially released December 9, 2003

*John R. Mitola,* associate city attorney, for the appellant (defendant).

*George C. Springer, Jr.,* for the appellee (named plaintiff).

SCHALLER, J. This appeal appears before this court after remand from the Supreme Court. The sole issue is whether the trial court properly granted the motion for summary judgment filed by the defendant, the city of Bridgeport.

The background facts have been set forth in *Krevis* v. *Bridgeport*, 64 Conn. App. 176, 177–79, 779 A.2d 838 (2001), rev'd, 262 Conn. 813, 817 A.2d 628 (2003). The facts relevant to this appeal are as follows. After jury selection but prior to trial, the court heard oral argument on the defendant's motion in limine to exclude evidence relating to punitive damages. During the argument on the motion, the plaintiff, Joseph R. Krevis,[1] referred to the statute that abrogates governmental immunity, General Statutes § 52-557n, but did not mention the actual citation for the statute.

Among the plaintiff's references to the statute was his mention of *Williams* v. *New Haven*, 243 Conn. 763, 707 A.2d 1251 (1998), which discussed § 52-557n. The plaintiff specifically referred the court and the defendant to Justice Berdon's concurrence, which addressed § 52-557n.[2] The plaintiff also stated that "as I understand it, is with reference to the governmental immunity statute, which is § 52-572n,[3] I believe it is in there, there's

---

[1] Jean M. Krevis, the wife of Joseph R. Krevis, also was a plaintiff at trial. Only Joseph R. Krevis appealed from the judgments of the trial court. We therefore refer in this opinion to Joseph R. Krevis as the plaintiff.

[2] In *Williams*, Justice Berdon wrote: "The problem in this case is that the plaintiffs have neither argued before the trial court nor this court that [General Statutes] § 52-557n has changed the law on immunity and/or that we should adopt § 895C of [4 Restatement (Second) of Torts (1979)]." *Williams* v. *New Haven*, supra, 243 Conn. 771–72 (*Berdon, J.*, concurring).

[3] The record states that the plaintiff said "52-572n." General Statutes § 52-572n concerns product liability. It is clear, however, from the plaintiff's comments following his citation that he was referring to General Statutes § 52-557n because § 52-557n (a) (2) (A) exempts municipalities from liability for acts of employees that constitute "criminal conduct, fraud, actual malice or wilful misconduct . . . ."

the section that you talk about a city is not liable for intentional and wilful acts of misconduct of an employee." In addition, on several occasions during the argument, the plaintiff referred to a governmental immunity statute that would allow a negligence action against a municipality.

Concerning the motion in limine, the court ruled orally that governmental immunity precluded the plaintiff from recovering punitive damages. After considerable discussion between the court, the plaintiff and the defendant, the court allowed the defendant to make an oral motion for summary judgment. The basis of the defendant's motion for summary judgment was whether the plaintiff's claims were barred by governmental immunity. The court "found governmental immunity applicable to all counts and dismissed the actions." *Krevis* v. *Bridgeport*, supra, 64 Conn. App. 179. The court held that the plaintiff failed to follow the procedures set forth in General Statutes § 7-465, which would have required the plaintiff to bring an action against the individual and then bring an action against the municipality for indemnification.

After the plaintiff appealed to this court, we determined that it was improper for the trial court to have heard the motion for summary judgment. *Krevis* v. *Bridgeport*, supra, 64 Conn. App. 179. That decision was reversed by our Supreme Court in *Krevis* v. *Bridgeport*, 262 Conn. 813, 817 A.2d 628 (2003). The case was remanded to this court for a determination on the merits of the plaintiff's appeal. Id., 825.

We exercise plenary review over a trial court's decision to grant a motion for summary judgment. *Stokes* v. *Lyddy*, 75 Conn. App. 252, 257, 815 A.2d 263 (2003). "Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no

genuine issue as to any *material* fact and that the moving party is entitled to judgment as a matter of law. . . . A material fact is a fact which will make a difference in the result of the case." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Stokes* v. *Lyddy*, supra, 257.

During the course of appellate litigation of this case, we decided *Spears* v. *Garcia,* 66 Conn. App. 669, 785 A.2d 1181 (2001), aff'd, 263 Conn. 22, 818 A.2d 37 (2003). In *Spears*, we held that "although a plaintiff should plead a statute in a complaint that abrogates governmental immunity, failing to do so will not necessarily bar recovery as long as the defendants are *sufficiently apprised* of the applicable statute during the course of the proceedings." (Emphasis in original.) Id., 676.

Here, the plaintiff made several references to a statute that would abrogate governmental immunity for the negligent acts of its employees. The plaintiff referred the court and the defendant to *Williams,* in which § 52-557n was discussed. Further, the plaintiff appeared to make explicit reference to the statute, although the plaintiff gave the wrong citation. All of that evidence was sufficient to make a factual issue of whether the defendant was sufficiently apprised of the applicable statute, § 52-557n. The question of whether the defendant was sufficiently apprised of § 52-557n is a material fact because it would change the outcome of the litigation, i.e., the court would not have granted the motion for summary judgment on the ground of governmental immunity. As a matter of law, therefore, we conclude that the court improperly granted the motion for summary judgment.

We note that the court did not have the opportunity to rule on whether the defendant was sufficiently apprised of § 52-557n. "Notwithstanding that fact, we will, in the interests of judicial economy, review the

evidence and analyze [whether the defendant received sufficient notice]." *Colliers, Dow & Condon, Inc.* v. *Schwartz*, 77 Conn. App. 462, 472, 823 A.2d 438 (2003); see also *Almeida* v. *Liberty Mutual Ins. Co.*, 234 Conn. 817, 827, 663 A.2d 382 (1995) (when record is clear, court will review evidence, make factual findings in interest of judicial economy). We conclude that the record indicates that the plaintiff placed the defendant on sufficient notice that he intended to rely on § 52-557n to abrogate the defendant's defense of governmental immunity.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

