JOHN TIMBERS *v.* UPDIKE, KELLY AND SPELLACY, P.C., ET AL.
(AC 24364)

Schaller, Bishop and Dupont, Js.

Argued March 26—officially released June 22, 2004

*John Timbers*, pro se, the appellant (plaintiff).

*Joseph T. Sweeney*, for the appellee (named defendant).

*David M. Sheridan*, for the appellee (defendant Levy & Droney, P.C.).

*Opinion*

SCHALLER, J. On March 25, 2003, the pro se plaintiff, John Timbers, commenced an abuse of process action against the defendant law firms, Updike, Kelly & Spellacy, P.C., and Levy & Droney, P.C. Each defendant filed a motion for summary judgment on the ground that the plaintiff's cause of action was barred by the three year statute of limitations embodied in General Statutes § 52-577.[1] On May 16, 2003, the trial court granted the defendants' motions for summary judgment. On appeal, the plaintiff claims that the court improperly rendered summary judgment because his abuse of process claim was based on the same set of facts as his vexatious litigation claim that was timely filed in 1998 and, therefore, the abuse of process claim relates back to the vexatious litigation claim. We affirm the judgment of the trial court.

The following facts are pertinent to the plaintiff's appeal. In 1991, Taufiqul Chowdhury, represented by the defendants, filed, inter alia, an abuse of process cause of action against the plaintiff. The jury returned a verdict in that case in favor of the current plaintiff

---

[1] General Statutes § 52-577 provides: "Action founded upon a tort. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

on May 4, 1995 (1995 action).[2] In May, 1998, the plaintiff brought a timely vexatious litigation action, on the basis of the 1995 action, against the defendants. On March 24, 2003, the plaintiff commenced the present abuse of process action by filing an original complaint that was based on the same 1995 action and named two of the same defendants as had been named in the 1998 action. On the return date, April 8, 2003, the defendants filed motions for summary judgment asserting that the plaintiff's present claim was time barred by § 52-577 because the plaintiff failed to file the action within three years of the defendants' purported abuse of process. The court, in granting the defendants' motions for summary judgment, ruled that the plaintiff's filing of his prior vexatious litigation action did not toll the running of the statute of limitations as to the abuse of process action. The court stated that "there is no material issue of fact concerning the concept of tolling, there is no factual dispute concerning the concept of tolling and there is no material issue of fact concerning the events that are alleged in the complaint having occurred prior to three years from the date of service, back from the date of service, March 24, 2003." This appeal followed.

Our cases instruct us to conduct "plenary review over a trial court's decision to grant a motion for summary judgment." *Krevis* v. *Bridgeport*, 80 Conn. App. 432, 434, 835 A.2d 123 (2003), cert. denied, 267 Conn. 914, 841 A.2d 219 (2004). "Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

---

[2] The court stated in relevant part that "[t]his court is aware of information by reason of its trying of the prior case that in fact the jury verdict, although entered on May 4, 1995, was not reduced to a . . . judgment until August of 1995, and that, from a factual point of view, is the absolute outside date for any specific actions taken by the defendants as against the plaintiff that would result in abuse of process."

as a matter of law. . . . A material fact is a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *Krevis* v. *Bridgeport,* supra, 434–35.

The plaintiff asserts that his present abuse of process claim relates back to a timely vexatious litigation claim that he filed against the same defendants in 1998, thereby tolling the running of the three year statute of limitations as to his present action. Both defendants argue that because the plaintiff's current cause of action is new and different from his prior cause of action, it is time barred and, thus, does not relate back to his prior vexatious litigation action. Both arguments are misplaced because the relation back doctrine is inapplicable.

We have recognized that "[o]ur relation back doctrine provides that an *amendment* relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence . . . ." (Emphasis added; internal quotation marks omitted.) *Alswanger* v. *Smego,* 257 Conn. 58, 65, 776 A.2d 444 (2001). In the present case, the relation back doctrine is inapplicable because the plaintiff has not amended an original complaint with respect to his current claim, but has instead brought an original complaint approximately seven and one-half years after the defendants' alleged conduct. See *Navin* v. *Essex Savings Bank,* 82 Conn. App. 255, 260 n.4, 843 A.2d 679 (2004) (relation back doctrine inapplicable because plaintiffs did not amend original complaint, but "instead attempted to relate the present complaint back to previous foreclosure and federal cases").

"Where two distinct causes of action arise from the same wrong, each is controlled by the statute of limitations appropriate to it. . . . So long as the pendency of the prior action does not prevent enforcement of the

remedy sought in the later action, the pendency of the first action will not toll the statute of limitations for the second action." (Citations omitted; internal quotation marks omitted.) *Perzanowski* v. *New Britain*, 183 Conn. 504, 506, 440 A.2d 763 (1981). Because abuse of process is a tort and § 52-577 provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of," the plaintiff's present claim is time barred. On the basis of the foregoing, we conclude that there was no issue of material fact as to the tolling of the statute of limitations governing the plaintiff's claim and that the court properly granted the defendants' motions for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.