DEE PALAZZO *v.* STEPHEN DELROSE ET AL.
(AC 24897)

Lavery, C. J., and Schaller and Dranginis, Js.

Argued May 31—officially released September 6, 2005

*Patrick J. Filan,* with whom was *Gregory P. Klein,* for the appellant (plaintiff).

*Amber J. Branciforte,* with whom, on the brief, was *Richard A. Roberts,* for the appellee (defendant Starbucks Corporation, Inc.).

*Opinion*

SCHALLER, J. The plaintiff, Dee Palazzo, appeals from the summary judgment rendered by the trial court in favor of the defendant Starbucks Corporation.[1] On

___

[1] The plaintiff also named Stephen Delrose, Arthur E. Azzarito, Jr., and Caryn Kurland as defendants, but none of them was a party to the motion for summary judgment that is the subject of this appeal. We therefore refer in this opinion to Starbucks Corporation as the defendant.

appeal, the plaintiff claims that the court improperly granted the defendant's motion for summary judgment. Specifically, the plaintiff argues that although the claim against the defendant was filed more than four years from the date that his injuries were sustained, the claim is not barred by the two year statute of limitations set forth in General Statutes § 52-584[2] because it relates back to a claim filed before the statute of limitations expired. We affirm the judgment of the trial court.

Our examination of the record discloses the following factual basis and procedural history relevant to our resolution of the plaintiff's appeal. On May 29, 1997, the plaintiff was involved in a motor vehicle accident when the car in which he was a passenger collided with a car owned and operated by Stephen Delrose. As a result, the plaintiff served a three count complaint dated July 9, 1998, seeking damages for personal injuries allegedly sustained in the accident. Count two of the complaint was a negligence claim directed solely against Delrose, who was served on July 10, 1998. The additional two counts were directed at other individuals and are not relevant to the appeal.

The plaintiff discovered subsequently that Delrose may have been acting within the scope of his employment with the defendant at the time of the accident. As a result, on January 22, 2002, the plaintiff filed a motion to cite in the defendant.[3] The court granted the motion, and the plaintiff filed an amended complaint dated January 22, 2002, and filed on February 4, 2002, that alleged a cause of action against the defendant on the basis of the doctrine of respondeat superior. The defendant was served with the amended complaint on

[2] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained . . . ."

[3] See Practice Book § 9-22.

March 14, 2002. On October 4, 2002, the defendant filed a motion for summary judgment, arguing that the plaintiff's claim was barred by the two year statute of limitations set forth in § 52-584. The court granted the defendant's motion, and this appeal followed.

As a preliminary matter, we identify the standard of review germane to our discussion. Our cases instruct us to exercise "plenary review over a trial court's decision to grant a motion for summary judgment." *Krevis* v. *Bridgeport*, 80 Conn. App. 432, 434, 835 A.2d 123 (2003), cert. denied, 267 Conn. 914, 841 A.2d 219 (2004). Additionally, "[p]ursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any *material* fact and that the moving party is entitled to judgment as a matter of law. . . . A material fact is a fact which will make a difference in the result of the case." (Emphasis in original; internal quotation marks omitted.) Id., 434–35. With the foregoing in mind, we now turn to the defendant's specific claim.

The plaintiff claims that the court improperly granted the defendant's motion for summary judgment. Specifically, the plaintiff argues that although the claim against the defendant was filed more than four years from the date that his injuries were sustained, it relates back to the negligence claim against Delrose, which was filed before the statute of limitations expired. We are not persuaded.

An amended complaint will be treated as filed at the time of the original complaint if it relates back to the original complaint. *Jonap* v. *Silver*, 1 Conn. App. 550, 555, 474 A.2d 800 (1984). "Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular

transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . . ." (Internal quotation marks omitted.) *Franc* v. *Bethel Holding Co.*, 73 Conn. App. 114, 136, 807 A.2d 519, cert. granted on other grounds, 262 Conn. 923, 812 A.2d 864 (2002) (appeal withdrawn October 21, 2003). Therefore, "[w]hile an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by the statute of limitations. Further, if the amendment is deemed to be a substitution or entire change of a party, it will not be permitted. . . . If the amendment does not affect the identity of the party sought to be described in the complaint, but merely corrects the description of that party, the amendment will be allowed. . . . The test applied in order to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of the following: (1) whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or misled in any way." (Citations omitted; internal quotation marks omitted.) *Kaye* v. *Manchester*, 20 Conn. App. 439, 444, 568 A.2d 459 (1990).

In the present case, the record does not indicate that the defendant knew it was a party to the original action until after the statute of limitations had expired. The original complaint did not refer to the defendant or any entity that could be mistaken for the defendant. Furthermore, the original complaint did not allege that Delrose was employed by the defendant at the time of the accident, much less that he was acting within the scope of his employment. The defendant would be prejudiced by the passage of time if the claim alleged against it were to relate back to the original complaint. The

accident occurred on May 29, 1997. The defendant was not served with the amended complaint until March 14, 2002, more than four years after the accident and more than two years after the statute of limitations had expired.

We conclude that although the defendant may have known about the original action, it was not a party to it, had no way of knowing it would be a party and may be prejudiced by the passage of time if the claim against it were to relate back to the original complaint. The claim against the defendant substitutes a new party and states a separate cause of action and, thus, does not relate back to the original complaint. Accordingly, the claim against the defendant is barred by the two year statute of limitations set forth in § 52-584, and the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.