JOSEPH L. LYNCH ET AL. *v.* GRANBY HOLDINGS, INC.

GRANBY HOLDINGS, INC. *v.* DANIEL L. LYNCH
(11222)

O'CONNELL, LANDAU and FREEDMAN, Js.

Argued June 8—decision released August 17, 1993

*Timothy Brignole,* for the appellant-appellee (plaintiff Daniel Lynch, plaintiff in the first case, defendant in the second case).

*Eliot B. Gersten,* with whom, on the brief, was *Andrea A. Hewitt,* for the appellee-appellant (named defendant in the first case, plaintiff in the second case).

LANDAU, J. This appeal and cross appeal[1] arise out of two actions concerning a lease agreement between the parties. On appeal, Daniel Lynch, doing business as D.L. Lynch Associates (Lynch), claims that the trial court improperly (1) charged the jury on the doctrine of mitigation of damages, resulting in a verdict in favor of Lynch but awarding him zero damages, (2) charged the jury on the amount of damages Lynch claimed in his action against Granby Holdings, Inc., and the amount of damages he claimed in defense of Granby Holdings' action against him for breach of lease, (3) refused to admit evidence of Granby Holdings' fail-

---

[1] The plaintiffs Joseph Lynch and Joan Lynch, doing business as The Sun Capsule, prevailed at trial on counts two and three and were awarded damages in the amount of $12,409, but the damages were not separated as to the individual counts. We do not, by reviewing the claims on the cross appeal, imply approval of the use of this form of verdict.

ure to obtain a certificate of occupancy for the premises to show that it established a pattern of dealings between Granby Holdings and the town of Granby, and (4) refused to admit evidence of Granby Holdings' failure to obtain a certificate of occupancy for Lynch's use as a defense to Granby Holdings' action against him for breach of the lease agreement. On the cross appeal, Granby Holdings claims that the trial court improperly (1) admitted evidence of settlement negotiations and compromise discussions and (2) denied its motion for a directed verdict against the plaintiffs Joseph Lynch and Joan Lynch, doing business as The Sun Capsule (hereafter The Sun Capsule). See footnote 1. We reverse the judgment of the trial court on Lynch's breach of lease action against Granby Holdings and affirm the judgment of the trial court in all other respects.

I

THE APPEAL

The following facts are relevant to this appeal. Lynch owned a real estate brokerage firm named D. L. Lynch Associates. Lynch decided to open an office in the town of Granby and entered into negotiations with Granby Holdings in an effort to lease space in a shopping plaza owned by Granby Holdings. On March 19, 1987, Lynch and Granby Holdings entered into a written lease agreement for the rental of 2500 square feet of space in Granby Holdings' shopping plaza. The lease agreement provided that Lynch could assign or sublet all or any part of the premises, subject to certain restrictions and agreements. In October, 1987, Lynch sublet 1250 square feet of his space to his parents, Joseph and Joan Lynch, for the establishment of The Sun Capsule, a suntanning business. As part of the original lease agreement, Granby Holdings agreed to perform certain minor construction work in the event of such sublease.

After entering into the sublease agreement, The Sun Capsule contracted to have a sign made for its business. Lynch showed a representative of Granby Holdings where The Sun Capsule's sign would be located, and he had no objection. After the sign was placed on the building, the town notified The Sun Capsule that the sign had to be removed because its placement caused the total sign area for the building to exceed town regulations. The Sun Capsule removed the sign. Lynch and Granby Holdings discussed the various alternatives available to the parties to allow for the construction of some type of sign for The Sun Capsule. None of these alternatives, however, was successful. The Sun Capsule paid rent to Lynch from November, 1987, until February, 1988. Lynch continued to pay rent for the entire 2500 square foot space until December 1, 1989. The Sun Capsule vacated the sublet premises on December, 1989.

On November 3, 1988, Lynch and The Sun Capsule filed a complaint alleging that Granby Holdings (1) breached its lease and the sublease by failing to provide the necessary sign space to allow the installation of The Sun Capsule sign, (2) negligently misrepresented to The Sun Capsule the amount of sign space available to it, (3) negligently misrepresented to Lynch the amount of sign space available to his subtenant, and (4) breached its lease agreement with Lynch by failing to provide the necessary agreed upon sign space for Lynch and his subtenant. On April 27, 1990, Granby Holdings filed a complaint against Lynch for breach of the lease agreement for failure to pay rent.

After a trial before a jury, the jury found in favor of Granby Holdings on the breach of lease count brought by The Sun Capsule, in favor of The Sun Capsule on the breach of oral agreement and, in the negligent misrepresentation counts, against Granby Holdings and awarded $12,409 in damages. On the

fourth count, for breach of lease brought by Lynch against Granby Holdings, the jury found in favor of Lynch but awarded zero damages.

On the complaint by Granby Holdings against Lynch for breach of the lease agreement for failure to pay rent, the jury found in favor of Granby Holdings and awarded damages in the amount of $35,911.30.

A

Lynch first claims that the trial court improperly instructed the jury on the doctrine of mitigation of damages. Because the jury's award of damages was improper, however, we reverse and do not directly address this claim.

"On appeal, the conclusion of the trial court from the vantage point of the trial bench cannot be disturbed unless there is a clear abuse of discretion. . . . An appellate court cannot retry the facts of a case or pass upon the credibility of the witnesses. . . . However, it is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence. . . . In determining whether a verdict does such injustice, the only practical test is whether the total damages awarded fall somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. . . . A direct showing of partiality, prejudice, mistake or corruption is not required. [I]f the amount awarded shocks the sense of justice as to what is reasonable, then the inferred conclusion is that the jury was misguided in reaching its decision. . . ." (Citations omitted; internal quotation marks omitted.) *Malmberg* v. *Lopez,* 208 Conn. 675, 679–80, 546 A.2d 264 (1988).

Our courts have held that "where the plaintiffs are entitled to recover damages for their injuries, an award limited to nominal or special damages is 'manifestly inadequate' and should be set aside, 'for the same rule governs upon an application for a new trial in the case of an inadequate award as in the case of an excessive award.' " Id., 681. "An explicitly stated award of *zero* damages differs from an award of nominal damages. A plaintiff's verdict with a nominal damage award ordinarily suggests that the jury found that despite the defendant's liability, the plaintiff failed to prove damages. . . . The jury's intent in rendering a plaintiff's verdict with zero damages . . . is far less clear." (Citations omitted; emphasis in original.) Id., 681–82.

In *Malmberg,* our Supreme Court held that "[w]here liability is strongly contested and the award of damages is clearly inadequate if liability were proven . . . an appellate court cannot infer from the jury verdict alone whether the jury were confused about the proper measure of damages or whether they were confused about the proper rules for determining liability, or both. . . . [W]here . . . liability is contested and an appellate court is unable to infer whether upon a new trial a jury would find in favor of the defendant or in favor of the plaintiff an appellate court must remand the case for a trial on all issues." (Citation omitted; internal quotation marks omitted.) Id., 682, quoting *Freshwater* v. *Booth,* 160 W. Va. 156, 160–62, 233 S.E.2d 312 (1977).

Here, a third factor is present. We are unable to glean from the jury's verdict whether they were confused about liability, about damages, about the mitigation damages, or all three. Therefore, the jury's award of zero damages is improper and must be vacated.

## B

Lynch next claims that the trial court improperly charged the jury on the amount of damages he claimed

in his action against Granby Holdings for breach of lease and in Granby Holdings' action against him for breach of lease.[2] We disagree.

"A jury charge is to be considered from the standpoint of its effect on the jury in guiding it to a correct verdict. . . . The charge is to be read as a whole, with the instructions claimed to be improper read in that context. . . . A reviewing court does not critically dissect the charge to discover possible inaccuracies. . . . The test to determine if a jury charge is proper is whether ' "it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Jury instructions need not be exhaustive, perfect or technically accurate, so long as they are correct in law, adapted to the issues and sufficient for the guidance of the jury." ' " (Citations omitted.) *Lemonious* v. *Burns,* 27 Conn. App. 734, 739–40, 609 A.2d 254, cert. denied, 223 Conn. 915, 614 A.2d 823 (1992).

Our full and independent review of the entire jury instruction discloses that the court's charge with respect to the damages claimed by Lynch was not improper. At trial, Lynch testified that he was entitled to damages in the amount of $7700 for failure of Granby Holdings to provide space for a sign, taking into consideration his failure to pay rent while occupying the space. He later corrected himself to state that the correct figure was only $5850. In the charge, the court correctly explained the law and what Lynch was claiming. After the initial charge, at the request of Lynch, the court corrected certain figures it had given to the jury in its initial charge, and our review of that portion of the charge leads us to the conclusion that the

---

[2] The second part of this claim is part of Lynch's defense in Granby Holdings' action against Lynch. While our resolution of the first issue in favor of Lynch would normally dispose of this claim, we must address it to resolve Lynch's defense of Granby Holdings' action against him.

charge was "correct in law, adapted to the issues and sufficient for the guidance of the jury." Id., 740. "We will not examine a jury charge with [a] legal microscope. . . . The day has long passed when reviewing courts are to be considered citadels of technicality." (Citation omitted; internal quotation marks omitted.) Id., 741. We conclude that the charge was correct and, therefore, Lynch's claim must fail.

## C

Lynch next claims that the trial court improperly refused to admit evidence, on the basis of relevance, of Granby Holdings' failure to obtain a certificate of occupancy for the premises to show that it established a pattern of dealings between Granby Holdings and the town of Granby.[3] We disagree.

"Questions of relevance must be determined in each case by reliance on reason and judicial experience as no exact test of relevancy is found in the law. . . . Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. . . . A fact is relevant whenever its existence, either alone or in connection with other facts, makes more certain or probable the existence of another fact. . . . [A]ny fact may be proved which logically tends to aid the trier in the determination of the issue. . . . Relevant evidence is admissible if the trial court, in the exercise of its broad discretion, determines that the probative value of the evidence outweighs its prejudicial effect." (Citations omitted; internal quotation marks omitted.) *State* v. *Jennings*, 19 Conn. App. 265, 270, 562 A.2d 545, cert. denied, 212 Conn. 815, 565 A.2d 537 (1989).

The trial court determined that the main issue in this case, as formed by the pleadings, was whether the fail-

[3] See footnote 2.

ure to provide proper sign space for the subtenants led to the demise of The Sun Capsule and the ensuing damages. The trial court also noted that nowhere in the pleadings was there alleged a breach of the lease due to the failure of Granby Holdings to obtain a certificate of occupancy for the premises. "A complaint must fairly put the defendant on notice of the claims . . . against him. . . . The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . Only those issues raised by the plaintiffs in the latest complaint can be tried before the jury." (Citations omitted.) *Farrell* v. *St. Vincent's Hospital,* 203 Conn. 554, 557–58, 525 A.2d 954 (1987). On this basis, the trial court refused to allow the evidence. We cannot say that the refusal was an abuse of the trial court's broad discretion on evidentiary rulings, and this claim fails.[4]

## II

### THE CROSS APPEAL

Granby Holdings' first claim on the cross appeal is that the trial court improperly admitted evidence of alleged settlement negotiations and compromise discussions. We disagree.

The following additional facts are necessary for the resolution of this claim. After the sign for The Sun Capsule had been installed and the town had ordered that it be removed for violating town regulations, the parties discussed several ways to correct the problem. These included various interior signs and the construction of an interior glass wall partition in Lynch's real estate office to allow a sign to be installed that was visi-

---

[4] Lynch also claims that the trial court improperly refused to allow this evidence in defense of Granby Holdings' action against him for breach of the lease for failure to pay rent. For the reasons stated above, the trial court's refusal to allow the evidence for those purposes was not an abuse of discretion.

ble from the parking lot. Granby Holdings began to build that wall and the town objected and ordered that construction be stopped. The parties also discussed reducing Lynch's sign by one-half to allow The Sun Capsule to use the other half. These efforts were ultimately unavailing and The Sun Capsule eventually shut its doors.

At trial, The Sun Capsule introduced testimony of these discussions and Granby Holdings objected. The trial court overruled the objection but added the caveat that the testimony could only be offered to show that the discussions to correct the problem took place, not to show that Granby Holdings took responsibility for the sign problems. Granby Holdings properly excepted to the trial court's ruling.

"The general rule that evidence of settlement negotiations is not admissible at trial is based upon the public policy of promoting the settlement of disputes. . . . An offsetting principle holds that an admission of fact is competent evidence, even though the admission was made in settlement negotiations, where the statement was intended to state a fact . . . . The test is whether the party making the admission intended to concede a fact hypothetically for the purpose of effecting a compromise, or to declare a fact really to exist. . . . If it is unclear whether the statement of a declarant was intended to promote the negotiation of a settlement or to constitute a factual admission of liability, the statement is inadmissible." (Citations omitted; internal quotation marks omitted.) *Tomasso Bros., Inc.* v. *October Twenty-Four, Inc.,* 221 Conn. 194, 198–99, 602 A.2d 1011 (1992).

Here, the court heard the objections of Granby Holdings regarding this evidence and made it clear to all parties that the court was allowing the evidence to show only that the parties were attempting to solve the prob-

lems regarding the sign. The trial court carefully explained that the evidence was in no way an indication that Granby Holdings assumed liability for the sign problems. In its charge to the jury, the court stated that "[a]ctions taken by Granby Holding[s] to ameliorate the losses of either Joseph or Daniel Lynch are not to be taken as admission of liability by Granby Holding[s]. The actions they took with respect to the glass wall or with respect to any other paper signs put up or whatever are not deemed to be admissions of liability by Granby Holdings." The trial court was correct in ruling that the evidence could be admitted for the purpose of explaining the fact that the parties took steps to correct the sign problems, and that this evidence was not to be construed as an admission of liability. Granby Holdings' claim fails.

Granby Holdings' second claim is that the trial court improperly denied its motion for a directed verdict. That motion claimed that The Sun Capsule failed to prove that the losses sustained by The Sun Capsule were proximately caused by the failure of Granby Holdings to provide space for a sign. We disagree.

"Our review of the trial court's refusal to direct a verdict is limited. [W]e view the evidence in the light most favorable to the plaintiff. . . . A directed verdict is justified if on the evidence the jury could not reasonably and legally reach any other conclusion than that embodied in [a verdict for the defendant] . . . or if the evidence is so weak that it would be proper for the court to set aside a verdict rendered for the other party. . . . When a jury has returned a verdict and the trial court has refused to set it aside, [t]he court's decision will be upheld on appeal if, from the evidence presented, the jury could reasonably have concluded as it did." (Citations omitted; internal quotation marks omitted.) *Sullivan* v. *Norwalk*, 28 Conn. App. 449, 452, 612 A.2d 114 (1992).

Here, The Sun Capsule had the burden to prove that there was a breach of an oral agreement by Granby Holdings regarding the availability of sign space and that Granby Holdings negligently misrepresented that the sign could, in fact, be installed. At trial, The Sun Capsule presented evidence that could lead a jury reasonably to conclude that Granby Holdings told the lessees that they could place a sign for The Sun Capsule on the premises. The Sun Capsule also presented evidence, in the form of testimony that Granby Holdings did not object to the placing of the sign when the parties had discussions specifically directed to that topic, that could lead a jury reasonably to conclude as it did. Further, Lynch presented evidence of damages from the failure of The Sun Capsule, in the form of lost revenues and profits, that would reasonably support the jury's verdict on damages. "On the basis of our review of the record, we cannot find that the jury's determination was clearly erroneous." Id., 455.

On the appeal, the judgment in the first case is reversed as to the plaintiff Daniel Lynch's claim for breach of lease only and that case is remanded for a new trial.

In this opinion the other judges concurred.