# MARIA ALMADA *v*. WAUSAU BUSINESS INSURANCE COMPANY ET AL.
## (SC 17384)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued April 11—officially released July 12, 2005

*Kathryn A. Calibey*, for the appellant (plaintiff).

*Kerry R. Callahan*, with whom was *Barbara A. Frederick* and, on the brief, *Jeffrey A. Dempsey*, for the appellee (named defendant).

*Opinion*

KATZ, J. This case involves an appeal by the plaintiff, Maria Almada, from the judgment of the trial court rendering summary judgment in favor of the named defendant, Wausau Business Insurance Company (Wausau),[1] on the plaintiff's claim for negligent infliction of emotional distress based upon Wausau's failure to add

---

[1] The plaintiff initiated this action against Wausau and Sedgwick Claims Management Services, Inc. The action subsequently was withdrawn as against Sedgwick Claims Management Services, Inc. Wausau is the only defendant involved in this appeal.

cost-of-living adjustments (COLAs) to the dependent's benefits that she received pursuant to the Workers' Compensation Act (act), General Statutes § 31-275 et seq. We conclude, for reasons different from those relied upon by the trial court, that the court properly rendered summary judgment in this case, and, accordingly, we affirm the judgment of the trial court.

The record discloses the following undisputed facts. The plaintiff's husband, Jose Almada, died in 1972 as a result of injuries he had sustained in the course of his employment at Glass Container Corporation (Glass). Beginning that year through December, 1999, Wausau, the third party administrator for Glass' workers' compensation claims, paid the plaintiff dependent's benefits in the amount of $95 per week.[2] Although, effective October 1, 1977, the act was amended to provide for COLAs to dependent's benefits,[3] the plaintiff's benefits were not adjusted.[4] On January 1, 2000, Sedgwick Claims Management Services, Inc. (Sedgwick), replaced Wausau as third party administrator of Glass' claims, and, shortly thereafter, Sedgwick discovered that the plaintiff had not received any COLAs. The plaintiff thereafter submitted a claim with the workers' compensation commission (commission) seeking the overdue COLAs. Pursuant to an award in her favor, by June, 2001, Sedgwick paid the plaintiff all the past due benefits to which she was entitled, plus interest and penalties, a total amount of $291,397.65.[5]

---

[2] Because Glass was self-insured, it reimbursed Wausau for all benefits paid on its behalf.

[3] See Public Acts 1977, No. 77-554, § 1, which amended General Statutes § 31-306, the statutory provision governing dependent benefits.

[4] The plaintiff appears to be one of only two beneficiaries, out of 6000 to 8000 claimants to whom Wausau had paid benefits, who did not have their COLA benefits properly recomputed annually.

[5] Pursuant to her claim submitted to the commission seeking payment of the overdue benefits, in December, 2000, the workers' compensation commissioner for the second district initially awarded the plaintiff $156,515.60 in overdue benefits plus interest at 12 percent per annum and penalties. That award subsequently was adjusted.

The plaintiff thereafter brought this action against Wausau and Sedgwick seeking to recover damages in connection with their failure to pay the COLAs. Specifically as to Wausau, the plaintiff asserted claims of bad faith, intentional infliction of emotional distress, negligent infliction of emotional distress, a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq. The trial court granted Wausau's motion to strike the CUIPA claim and, thereafter, rendered summary judgment in Wausau's favor with respect to the remaining counts against it. The trial court concluded that the plaintiff had not established genuine issues of material fact as to whether: (1) Wausau intentionally and wilfully withheld COLAs from the plaintiff; (2) Wausau's failure to apply COLAs to the plaintiff's benefits resulted in emotional distress of any nature; and (3) Wausau should have realized that the conduct alleged involved an unreasonable risk of causing emotional distress of such severity that it might result in illness or bodily harm. The plaintiff sought reconsideration and reargument on her claim of negligent infliction of emotional distress, claiming that the trial court improperly had: (1) required her to produce evidence of her claimed emotional distress; and (2) concluded that no genuine factual issue existed as to whether Wausau should have realized that its employees' conduct involved an unreasonable risk of causing severe emotional distress. The trial court denied the plaintiff's motion, and thereafter, she appealed from the trial court's judgment, challenging its decision with respect to her claim for negligent infliction of emotional distress only.[6]

---

[6] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

Following oral argument before this court in the present case, we decided *DeOliveira* v. *Liberty Mutual Ins. Co.*, 273 Conn. 487, 870 A.2d 1066 (2005). The dispositive question in that case was whether Connecticut recognizes a cause of action against an insurer for bad faith processing of a workers' compensation claim or whether such an action is barred by General Statutes § 31-284 (a),[7] the exclusivity provision of the act. Id., 489–90. The plaintiff in *DeOliveira* had asserted that a tort action could be brought against an insurer under the theory of bad faith processing because "a psychological injury caused by the tortious handling of a workers' compensation claim is not a compensable work-related injury under the act and, hence, the commission lacks jurisdiction over such claims." Id., 494. Thus, because such injuries were not within the scope of the act, the plaintiff contended that the exclusivity provision of the act was inapplicable. The plaintiff further contended that "a person who is injured by such conduct has no redress available under the act because the penalties imposed for undue or unreasonable delays merely punish the wrongdoing insurer or employer, but do not compensate the claimant for the personal injuries and harm actually sustained as a result of the delays." Id.,

---

[7] General Statutes § 31-284 (a) provides: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."

495. Accordingly, the plaintiff asserted that a claim for bad faith processing of a workers' compensation claim was not barred by the exclusivity provision of the act. Id., 494–95.

In support of its claim that the exclusivity provision of the act barred the action in *DeOliveira*, the defendant insurer claimed that "the commission's jurisdiction is not limited to claims for injuries that ultimately are compensable, but extends to alleged acts of misconduct in the course of workers' compensation proceedings. Specifically, it contend[ed] that the act provides a remedy for misconduct related to the handling of claims and thereby reflects a legislative intent that the remedy for delayed payment, even if vexatious, remain within the purview of the workers' compensation scheme. The defendant further contend[ed] that employees are not entitled to redress in tort for every injury either that is not compensable or for which compensation is inadequate under the act." Id., 495. We agreed with the defendant, concluding that Connecticut does not recognize a cause of action for bad faith processing of a workers' compensation claim. Id., 501.

In light of our decision in *DeOliveira*, we thereafter asked the parties in the present appeal to submit supplemental briefs on the question of whether the plaintiff's appeal is governed by our decision in *DeOliveira*. The plaintiff claims that the exclusivity of the act is not jurisdictional and, therefore, that Wausau has waived appellate review of that issue by its failure to raise the exclusivity provision as a special defense.[8] She also claims that, regardless of whether *DeOliveira* ultimately will govern her claim, we should nevertheless

---

[8] Wausau had asserted before the trial court, in its motion for summary judgment, that the exclusivity provision of the act barred the plaintiff's claims. The trial court refused to consider the argument, however, because Wausau had not raised the exclusivity provision as a special defense, and thus could not raise it in its motion for summary judgment.

conclude that the trial court improperly shifted the burden of proof to her on the issue of whether she had suffered emotional distress.

Wausau responds that the decision in this case is controlled by *DeOliveira* because: (1) that case establishes that, in light of the exclusivity provision of the act, Connecticut does not recognize a cause of action for tortious processing of a workers' compensation claim; (2) "just as [the] claimed psychological injuries [in *DeOliveira*] arose out of and in the course of the workers' compensation claims process, so too did [the plaintiff's] claimed emotional distress"; (3) "[j]ust as the misconduct at issue in *DeOliveira* was within the purview of the 'fault or neglect' provision of [the act], so too was the delay in adding COLAs to [the plaintiff's] benefits"; and (4) indeed, the plaintiff in fact had been awarded interest, attorney's fees and penalties pursuant to the act.[9]

Wausau concedes that it did not raise the exclusivity of the act as a special defense, but contends nonetheless that we should consider the application of *DeOliveira* to this case for two reasons. First, Wausau contends that the plaintiff had pleaded the facts that support her claim that Wausau mishandled her benefits, and, therefore, it is incumbent upon her to prove what she has pleaded in order to recover. Second, because those same facts, which essentially establish that the exclusivity of the act applies, are not in dispute, Wausau claims that it was not required to plead exclusivity as a special defense. We agree with Wausau that, under the circumstances of this case, appellate review of the issue of

---

[9] Wausau also contends, and the plaintiff does not contest, that our decision in *DeOliveira* v. *Liberty Mutual Ins. Co.*, supra, 273 Conn. 487, if it applies at all, encompasses not only employers and their insurers, but also parties, such as Wausau, that administer the workers' compensation obligations of self-insured employers.

whether the plaintiff's claims were barred by the exclusivity of the act is appropriate.

Generally speaking, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 10-50; see *Coughlin* v. *Anderson*, 270 Conn. 487, 502, 853 A.2d 460 (2004). "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway. *Pawlinski* v. *Allstate Ins. Co.*, 165 Conn. 1, 6, 327 A.2d 583 (1973); *DuBose* v. *Carabetta*, 161 Conn. 254, 261, 287 A.2d 357 (1971). Whether facts must be specially pleaded [however] depends on the nature of those facts in relation to the contested issues. See *Pawlinski* v. *Allstate Ins. Co.*, supra, 6–7; *DuBose* v. *Carabetta*, supra, 259–61." *Bennett* v. *Automobile Ins. Co. of Hartford*, 230 Conn. 795, 802, 646 A.2d 806 (1994). In *Bennett*, we held that the defendant's failure to have pleaded the $100,000 policy limit as a special defense did not deprive it of the benefit of that provision because the complaint originally filed by the plaintiffs expressly had alleged uninsured motorist coverage " 'up to a policy limit of $100,000 per accident,' " an allegation that the plaintiffs agreed to delete because the parties had agreed, inter alia, that the policy limit was indeed $100,000. Id., 802. "Because the plaintiffs [in *Bennett*] had already acknowledged the $100,000 policy limit in their complaint, the defendant's failure to plead that policy provision as a special defense did not preclude the trial court from reducing the jury award in accordance with [General Statutes] § 38a-336 (b)." Id., 802–803; compare *Grant* v. *Bassman*, 221 Conn. 465, 472–73, 604 A.2d 814 (1992) (concluding that exclusivity had to be pleaded as special defense because defendant sought

to rely on facts outside those alleged in complaint to negate what once may have been valid cause of action).

We agree with Wausau that, in the present case, the plaintiff's allegations of negligent handling of her workers' compensation benefits with respect to her COLAs are the same essential facts that, in light of our decision in *DeOliveira* v. *Liberty Mutual Ins. Co.*, supra, 273 Conn. 487, would have been necessary for Wausau's special defense. We also agree with Wausau, pursuant to our reasoning in *DeOliveira*, that, as a matter of law, the plaintiff's claim for negligent infliction of emotional distress, which arose out of and in the course of the workers' compensation claim process, is barred by the act, and, therefore, that the plaintiff's remedies are limited to those afforded under the act.[10]

The judgment is affirmed.

In this opinion the other justices concurred.

---

[10] Accordingly, we reject as irrelevant the plaintiff's assertion that, regardless of whether *DeOliveira* ultimately will govern her claim, we nevertheless should conclude that the trial court improperly shifted the burden of proof on the issue of whether she suffered emotional distress.