ROGER H. GOSSELIN *v.* MAUREEN E. GOSSELIN
(AC 27453)

Flynn, C. J., and Bishop and Beach, Js.

Argued January 22—officially released September 9, 2008

*Steven H. St. Clair*, for the appellant (defendant).

*Susan Asselin-Connolly*, with whom, on the brief, was *John T. Asselin-Connolly* and *Richard E. Joaquin*, for the appellee (plaintiff).

BEACH, J. The defendant, Maureen E. Gosselin, appeals from the judgment of the trial court granting the motion filed by the plaintiff, Roger H. Gosselin, for modification of an award of alimony payable to her under the parties' marital dissolution judgment. On appeal, the defendant claims that the court (1) improperly granted the modification on a ground not raised in the motion filed by the plaintiff and (2) in the course of finding a substantial change of circumstances warranting a modification of alimony pursuant to General Statutes § 46b-86,[1] improperly (a) found a substantial change in income, (b) considered that an increase in the value of the assets awarded in the dissolution decree could serve as a basis for modifying alimony and (c) considered that an unrealized increase in the value of real estate could serve as a basis for modifying alimony. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The parties were married on June 17, 1972, and on June 20, 2000, the court entered a decree of dissolution. Pursuant to the terms of the judgment, the plaintiff was ordered to pay to the defendant as periodic alimony $75 per week for a period of eleven years, nonmodifiable as to term but modifiable as to amount.

---

[1] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, the court may order either party to maintain life insurance for the other party or a minor child of the parties or any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."

On January 10, 2005, the plaintiff filed a motion to decrease or to terminate his alimony obligation. After a hearing, the court found that the defendant's income and the value of her assets had increased, constituting a substantial change in circumstances, and it modified the alimony order to $1 per year. The defendant filed a motion to reargue, which was denied. This appeal followed.

"An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Thus, unless the trial court applied the wrong standard of law, its decision is accorded great deference because the trial court is in an advantageous position to assess the personal factors so significant in domestic relations cases. . . . With respect to the factual predicates for modification of an alimony award, our standard of review is clear. This court may reject a factual finding if it is clearly erroneous, in that as a matter of law it is unsupported by the record, incorrect, or otherwise mistaken. . . . This court, of course, may not retry a case. . . . The factfinding function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . .

or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Sabrowski* v. *Sabrowski*, 105 Conn. App. 49, 52–53, 935 A.2d 1037 (2007). "Where . . . some of the facts found [by the trial court] are clearly erroneous and others are supported by the evidence, we must examine the clearly erroneous findings to see whether they were harmless, not only in isolation, but also taken as a whole. . . . If, when taken as a whole, they undermine appellate confidence in the court's fact finding process, a new hearing is required." (Internal quotation marks omitted.) *In re Selena O.*, 104 Conn. App. 635, 645, 934 A.2d 860 (2007).

"[Section] 46b-86 governs the modification or termination of an alimony or support order after the date of a dissolution judgment. When . . . the disputed issue is alimony, the applicable provision of the statute is § 46b-86 (a), which provides that a final order for alimony may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . Under that statutory provision, the party seeking the modification bears the burden of demonstrating that such a change has occurred. . . . Because a request for termination of alimony is, in effect, a request for a modification, this court has treated as identical motions to modify and motions to terminate brought under § 46b-86 (a) . . . .

"The traditional purpose of alimony·is to meet one's continuing duty to support. . . . Section 46b-86 reflects the legislative judgment that continuing alimony payments should be based on current conditions. . . . Thus, [t]o avoid re-litigation of matters already settled, courts in modification proceedings allow the parties only to present evidence going back to the latest petition for modification. . . . Alimony decrees may

only be modified upon proof that relevant circumstances have changed since the original decree was granted." (Internal quotation marks omitted.) *Simms* v. *Simms*, 283 Conn. 494, 502–503, 927 A.2d 894 (2007).

I

The defendant first claims that the court improperly considered a change in the value of her assets when the motion to modify, as written, was based only on an allegation that there had been a change in the parties' incomes. We disagree.

We recognize, as a general matter, that the right of a party to recover is limited to the allegations in his pleading. See *Yellow Page Consultants, Inc.* v. *Omni Home Health Services, Inc.*, 59 Conn. App. 194, 200, 756 A.2d 309 (2000). This principle is rooted in the requirement that parties should have notice of the basis for another party's claim. The plaintiff's motion to modify did allege only a change in income, not assets. The defendant, however, had ample notice of the plaintiff's claim that the respective values of the parties' assets should be considered by the court in determining whether there had been a substantial change in the parties' financial circumstances from the time of the entry of the marital dissolution decree. The record reveals that the value of the parties' assets was a topic of depositions taken before the hearing on the motion to modify. Both parties introduced into evidence affidavits and schedules that purported to show percentage changes to income and assets; the evidence adduced at the hearing also related to both assets and income. When both sides, without objection as to this issue, introduced evidence as to assets, the defendant indisputably had notice that the plaintiff's quest for a modification was premised on a claim that there had been a substantial change to the parties' financial circumstances, including both their assets and incomes. The

defendant waived any irregularity by not objecting and by introducing evidence on the issue. See *Tedesco* v. *Stamford*, 215 Conn. 450, 461, 576 A.2d 1273 (1990) ("[t]he proper way to attack a variance between pleadings and proof is by objection at the trial to the admissibility of that evidence which varies from the pleadings, and failure to do so at the trial constitutes a waiver of any objection to such variance" [internal quotation marks omitted]), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992).

## II

The defendant next claims that there were various improprieties in the court's determination that there had been a substantial change in her financial circumstances warranting a modification of alimony. We reject the defendant's claims.

The defendant first argues that there was no substantial change in income because each party's proportional share of the total income remained approximately the same. That issue received cursory mention in the defendant's brief, and we summarily reject the claim. The defendant also advanced the same argument as to asset values without analysis or authority regarding asset values, and we similarly do not consider the claim. See *Rosier* v. *Rosier*, 103 Conn. App. 338, 340 n.2, 928 A.2d 1228 ("We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." [Internal quotation marks omitted.]), cert. denied, 284 Conn. 932, 934 A.2d 247 (2007).

The defendant next claims that the court improperly found that an increase in the value of her assets following the dissolution could serve as a ground for modification of the alimony award. That argument contrasts

with our Supreme Court's holding in *Gay* v. *Gay*, 266 Conn. 641, 648, 835 A.2d 1 (2003), in which the court held that a trial court may consider a change in the value of an asset, such as real estate, when determining if there has been a substantial change of circumstances justifying the modification of an alimony award. Accordingly, the defendant's claim must fail.

The dissent suggests that we should decide another issue, which, it maintains, was raised adequately both here and in the trial court. That claim is that the court used an incorrect figure in deciding whether a substantial change in circumstance had occurred. We do not believe we should reach the issue.

To begin, the use of an incorrect figure by the court in reaching its decision is an issue that was never brought to the attention of the trial court. At trial, and in the defendant's posttrial motion to reargue and motion for articulation, the legal arguments raised were much the same as those presented to this court. The defendant never suggested that the trial court had used an erroneous number for the starting point of its analysis of asset change;[2] rather, she argued that there was no substantial change of income or assets because the proportionate shares of those items remained the same and that a substantial change of value of assets could not logically support a change in the amount of alimony when the change consisted of appreciation of assets awarded in the dissolution judgment.

Following oral argument before this court, we issued the following order: "It appears that the trial court, in its comparison of assets for the purpose of determining

---

[2] In its memorandum of decision, the court found that the "defendant's income has increased and the value of her assets has increased almost 1000 percent." It is of course possible that the court used a permissible number and that the "1000 percent" figure was mistaken. For the purpose of analysis, however, we assume that an incorrect number may have been used.

whether a substantial change of circumstances had occurred, may have used as a starting figure the value of assets shown on the defendant's financial affidavit at the time of the marital dissolution hearing, approximately $60,000, rather than the immediate postdissolution values taking into consideration the court's judgment orders, as required by § 46b-86. Please submit supplemental briefs . . . on the following questions: (1) Should this court address the issue of whether the trial court used incorrect asset values for comparison purposes in determining whether there was a substantial change in circumstances even though neither party has made this claim on appeal? (2) If we should reach this issue, did the court abuse its discretion such that the case should be remanded for a further hearing?"

The dissent appears functionally to frame the issue raised in the request for supplemental briefs as merely a clarification of the general issue of substantial change of circumstances, which was raised before the trial court and this court as an issue on appeal. In that respect, the dissent argues, the supplemental briefing in this case is no different from the numerous instances it cites in which this court has ordered supplemental briefs and then reached the issue articulated in the order.[3] The problem inherent in the dissent's analysis,

---

[3] The dissent suggests that there is no analytical difference between this case and *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 934 A.2d 306 (2007), cert. denied, 285 Conn. 911, 943 A.2d 472 (2008). In *Weinstein*, supplemental briefing was ordered on the issue of whether a substantial change of circumstances had occurred because the trial court had modified child support payments but had made no express finding as to substantial change. The panel of this court did not discuss the rationale for ordering supplemental briefing, but did reiterate the principle that no modification could be ordered without the trial court's first finding that a substantial change had occurred. There of course are similarities between this case and *Weinstein*; there is also a significant difference. *Weinstein* lacked a conclusion of substantial change, which was a sine qua non of proceeding further, and the underlying facts did not appear to support a substantial change such that the appellant should be afforded relief. The trial court in this case reached the sine qua non but arguably used the wrong figures. The trial court does not have the authority to consider modifying child support payments unless it first has

however, is that it treats the issue as one already raised and does not account for the analysis required by the first question posed in the order for supplemental briefing.

The first question posed in the order for supplemental briefing asks the parties *if* we should reach the issue articulated, even though it was not raised by the parties. Implicit in our asking the parties if we should reach an issue that was never raised is the understanding that the issue articulated in the order is a new issue rather than a clarification of an issue already raised. Having given the parties an opportunity to persuade us that the issue deserves review, we answer the first question posed in the negative.

We conclude that because the parties have not raised the issues at trial, in posttrial motions or on appeal either in preargument briefs or at oral argument and, further, because the issues are not suitable for plain error review and do not raise jurisdictional issues, we ought not address them. The principle of limited appellate review recently was addressed by this court in *Baldwin* v. *Curtis*, 105 Conn. App. 844, 849–50 n.2, 939 A.2d 1249 (2008). "The [claim in question] was not briefed by either the plaintiff or the defendant. At oral argument, not one word was spoken on that issue. It is fundamental that the scope of appellate review in a given appeal is defined by the claims of error actually raised by the parties. Our Supreme Court consistently has admonished this court for stepping beyond that threshold. As it recently stated, '[w]e long have held that, in the absence of a question relating to subject matter jurisdiction, the Appellate Court may not reach out and decide a case before it on a basis that the parties never have raised or briefed.' *Sabrowski* v.

found a change of circumstance. There is a difference between not making a finding at all and making one on perhaps erroneous facts.

*Sabrowski*, 282 Conn. 556, 560, 923 A.2d 686, aff'd after remand, 105 Conn. App. 49, 935 A.2d 1037 (2007); see also *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 522, 815 A.2d 1188 (2003) (*Borden, J.*, concurring and dissenting) ('we have even criticized, and reversed, the Appellate Court for reaching out and deciding a case before it on a basis that had never been raised or briefed'); *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 97–99, 644 A.2d 325 (1994) (Appellate Court improperly reached issue never raised by parties); *State* v. *Rosario*, 81 Conn. App. 621, 640, 841 A.2d 254 (*Schaller, J.*, concurring) ('Our Supreme Court does not approve of this court reaching and deciding issues that were not raised or briefed by the parties. . . . We should not, and indeed are without authority, to render advisory opinions.'), cert. denied, 268 Conn. 923, 848 A.2d 473 (2004). That precedent is grounded in the principle of judicial restraint." *Baldwin* v. *Curtis*, supra, 849–50 n.2.

The circumstances in this case are analytically similar to those in *Lynch* v. *Granby Holdings, Inc.*, supra, 230 Conn. 97–99. In *Lynch*, a housing matter, the tenant challenged on appeal the validity of an award of zero damages, despite a judgment in his favor that his lease had been breached. Id., 96–97. The theory raised by the tenant on appeal, in the course of pursuing his general claim regarding damages, was that the court's jury instructions regarding mitigation of damages were erroneous. Id., 97. On direct appeal to this court, we reached the general issue of damages, which had been raised by the parties, but reversed the judgment on a theory of manifest jury confusion. Id., 97. That precise issue was raised before neither this court nor the trial court. Our Supreme Court held that this court improperly reversed the judgment on the basis of an issue that was not presented in either court. Id., 98–99. In reaching that conclusion, the court determined that the only

appropriate appellate review of that issue was pursuant to the plain error doctrine. This case presents an analogous question: the *broad* change of circumstances was addressed, as it must be in any action seeking a change in alimony, but the *claim* regarding the correct numerical starting figure was not.

*Lynch* addressed that question by articulating three reasons why this court abused its discretion in reaching an issue not properly before it: (1) this court failed to discuss why plain error review was appropriate; (2) the parties did not have an opportunity to address the issue; and (3) the claim of error in that case did "not implicate interests of public welfare or of fundamental justice between the parties." Id., 99. Here, pursuant to *Lynch*, we have allowed the parties to address the issue. Nevertheless, that tonic has not cured the patient.

Simply put, an order of supplemental briefing ordinarily may not raise a *new* issue unless that issue involves a question of jurisdiction, occasions of "plain error" or, though somewhat duplicative of plain error, fundamental constitutional issues. See, e.g., *Remax Right Choice* v. *Aryeh*, 100 Conn. App. 373, 918 A.2d 976 (2007) (supplemental briefing on question of whether court had subject matter jurisdiction); *State* v. *Johnson*, 75 Conn. App. 643, 817 A.2d 708 (2003) (plain error: court requested supplemental briefing when violation of probation based on condition that had not been imposed by court and specific claim not raised by any party). In a number of other cases, courts have requested supplemental briefing when the claim, though raised by a party, lacked clarity or required explication in light of a consideration not addressed by the parties previously.[4] See, e.g., *Lovan C.* v. *Dept. of*

---

[4] Perhaps most frequently, supplemental briefing is ordered when a decision in another case or a change in law intervenes between the time of initial briefing and the appellate court's decision.

*Children & Families,* 86 Conn. App. 290, 860 A.2d 1283 (2004); *Cumberland Farms, Inc.* v. *Zoning Board of Appeals,* 74 Conn. App. 622, 814 A.2d 396, cert. denied, 263 Conn. 901, 819 A.2d 836 (2003).

Because we do not believe the issue was raised at trial and the claim does not invoke jurisdictional or constitutional issues, the question remains whether plain error analysis affords relief. We conclude that the issue presented by this case cannot surmount the hurdle of plain error review. A conceivably inaccurate calculation by the court under the circumstances of this case is far from a truly extraordinary situation invoking that very demanding standard. Although an incorrect asset comparison may have been used, it is not necessarily true that a different result would have occurred had the court made a specific finding on the record as to the value of the defendant's postdissolution assets. Although the very general topic of substantial change in circumstances was raised by the defendant, there is not one word in the briefs, record or at oral argument regarding an incorrect postdissolution figure, nor any in the trial court. In the absence of manifest injustice, we ought not decide the issue ourselves, whether outright or after proactively seeking input from the parties as to whether we should reach the issue.

The judgment is affirmed.

In this opinion FLYNN, C. J., concurred.

BISHOP, J., dissenting. Because there is a patent flaw central to the trial court's decision, and the parties were given the opportunity to file supplemental briefs on the issue, I believe that we should address that issue in accordance with the path typically taken by this court in such circumstances, and, doing so, I would reverse the judgment of the trial court. The central facts are

not in dispute. As noted by the majority and acknowledged by both parties in their supplemental briefs, it is clear that in making its determination that there had been a substantial change in the parties' financial circumstances, the court compared the value of the current assets of the defendant, Maureen E. Gosselin, with the value of the assets she held *prior* to her marital dissolution instead of the values *as of the date of the* dissolution. Both parties and the majority appear to acknowledge, as they must, that the comparison utilized by the court was legally incorrect.[1] Notwithstanding this patent error, the majority affirms the judgment on the ground that the application of the plain error doctrine; see Practice Book § 60-5; precludes us from reversing on this ground. I believe, respectfully, that the majority has misconstrued the plain error doctrine.

As noted by the majority, once this court noted the flaw in the trial court's judgment, we invited counsel

---

[1] In making the determination that there was a substantial change of circumstances warranting a modification of alimony, the court stated in its memorandum of decision: "The defendant's income has increased, and the value of her assets has increased almost 1000 percent." Earlier in its decision, in comparing the parties' past and present financial circumstances, the court compared the financial affidavit filed by the defendant at the time of dissolution, which showed total assets of $60,000, to the current financial affidavit showing a total value of assets of approximately $500,000. The difficulty with the court's stated analysis is that a significant portion of the assets held by the defendant at the time of the modification hearing was granted to her in the dissolution judgment. The court's statement that the value of the defendant's assets has increased "almost 1000 percent" can only logically and fairly be read as a comparison of the value of the defendant's predissolution assets as stated on her financial affidavit filed at the time of the marital dissolution hearing and the value of her assets as of the date of the modification hearing. Thus, in determining that there had been a substantial change in the parties' financial circumstances, the court made an incorrect comparison and failed to examine the parties' financial circumstances since the date the original decree entered in accordance with General Statutes § 46b-86. See *Borkowski* v. *Borkowski*, 228 Conn. 729, 736, 638 A.2d 1060 (1994) (when party seeks postjudgment modification of dissolution decree, he or she must demonstrate that substantial change in circumstances has arisen subsequent to entry of dissolution decree or earlier modification).

to brief the question of whether the court had abused its discretion in finding a substantial change of circumstances and also whether the court should address the issue, as neither party had initially made this specific argument on appeal. As to the prudential question of whether we should reach the issue, the plaintiff, Roger H. Gosselin, responded by arguing that we should not reach the claim because it was not asserted by the defendant in her initial brief or in oral argument. In claiming that we should not reach the issue, the plaintiff relies on our plain error jurisprudence and cites *Small v. South Norwalk Savings Bank*, 205 Conn. 751, 535 A.2d 1292 (1988), for the proposition that plain error reversals should be reserved for "truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity and public confidence in the judicial proceedings." (Internal quotation marks omitted.) Id., 759. Although tacitly acknowledging the court's miscalculation of the defendant's assets, the plaintiff also argues that the error should not cause reversal because a correct comparison of the plaintiff's assets between the date of the marital dissolution and the date of modification could also support a finding of a substantial change in her financial circumstances.

My difficulty with the plaintiff's argument and the majority's adoption of it is twofold: (1) plain error analysis is inappropriate to the issue in question; and (2) it is not within our ken to determine that a correct calculation would have been sufficient for the court to find a substantial change of circumstances.

As has been often stated, the plain error doctrine is a rule of reversibility, not reviewability, and it will be invoked "in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . .

The plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Internal quotation marks omitted.) *State* v. *Lawrence*, 282 Conn. 141, 183, 920 A.2d 236 (2007); see also Practice Book § 60-5. "When the parties have neither briefed nor argued plain error . . . we will not afford such review." (Internal quotation marks omitted.) *State* v. *Klinger*, 103 Conn. App. 163, 169, 927 A.2d 373 (2007).

Here, the defendant has not requested plain error review, nor was she required to do so because the doctrine is inapplicable to the facts at hand. Unlike cases in which the plain error doctrine is invoked, neither party claims that the defendant failed to preserve this issue at trial. The plaintiff's motion for modification was based on a substantial change in circumstances. In moving for modification, the plaintiff was required to prove a substantial change in the defendant's circumstances, and the defendant sought to disprove the plaintiff's claim. Indeed, a review of the record reveals that both parties presented various demonstrative evidence at the modification hearing in the form of graphs, and although the parties made differing arguments on the basis of these graphs, they both argued from the correct base point regarding the defendant's assets. Notwithstanding the parties' presentations, however, the court issued a memorandum of decision in which it patently based its analysis on incorrect criteria following which the defendant timely appealed. The issue of substantial change in circumstances, specifically regarding the change in the values of the defendant's assets was, therefore, before the court and was, in fact, addressed

by the court.[2] Because this issue was decided at trial, and plain error review is afforded only when requested, I agree with the majority, albeit for different reasons, that we should not reverse the judgment of the trial court on the basis of the plain error doctrine.[3]

That conclusion, however, does not end our responsibility. As a matter of fairness, we are bound to give notice to the parties of an issue or claim not raised by either on appeal but which we believe may be significant

[2] I note, as well, that the defendant did raise, in her initial brief and during oral argument, the claim that the court erroneously concluded that there had been a substantial change of financial circumstances warranting a modification of periodic alimony. The issue of substantial change of circumstances, therefore, has been before this court since the appeal was filed. We ordered supplemental briefs, however, because the specific claim we identified within that issue was not briefed or argued by either party. In doing so, I can find no principled distinction between the procedural posture of this case and those found in our recent opinion in *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 934 A.2d 306 (2007), cert. denied, 285 Conn. 911, 943 A.2d 472 (2008).

[3] The majority cites *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 644 A.2d 325 (1994), for the proposition that the plain error doctrine is reserved for truly extraordinary circumstances. Although I agree with that proposition, the Supreme Court in *Lynch* reversed this court's judgment because this court's opinion in that case articulated no reason why plain error review was appropriate, the parties were not given the opportunity to brief the issue and the claim of error did not implicate interests of public welfare or of fundamental justice between the parties. Id., 99. It is unclear, however, in reviewing this court's opinion in *Lynch* that plain error review was accorded. In that opinion, this court simply, sua sponte, reached an issue not raised by the parties and did not give the parties the opportunity to brief the issue. See *Lynch* v. *Granby Holdings, Inc.*, 32 Conn. App. 574, 578–79, 630 A.2d 609 (1993), rev'd, 230 Conn. 95, 644 A.2d 325 (1994).

Our Supreme Court similarly reversed such action by this court in *Sabrowski* v. *Sabrowski*, 282 Conn. 556, 923 A.2d 686, aff'd after remand, 105 Conn. App. 49, 935 A.2d 1037 (2007), and *State* v. *Dalzell*, 282 Conn. 709, 715, 924 A.2d 809 (2007). The teaching of these cases is twofold: a reviewing court should act with restraint when confronted with an issue not raised at trial, reaching it only when justice and judicial integrity demand that the error be corrected, and, if the court fastens on an issue not briefed or argued on appeal, it must give the parties an opportunity to brief or argue the issue as a matter of fairness and notice. In the case at hand, because the issue was raised at trial, we need deal only with the latter portion of that formulation.

to the proper determination of the case. Here, we did just that, and gave the parties the opportunity to brief the issue. See *State* v. *Dalzell*, 282 Conn. 709, 715, 924 A.2d 809 (2007) (if reviewing court decides to address issue not previously raised or briefed, it may do so only after requesting supplemental briefs from parties or allowing argument regarding that issue). Having received the briefs of counsel and having been given no legally pertinent reason not to consider the correct application of the law, I am aware of no decisional law that suggests that we should turn a blind eye toward it. To do so represents an avoidance of our responsibilities to decide cases in accordance with the law and a departure from our normal path under similar circumstances.[4]

---

[4] See *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 934 A.2d 306 (2007) (supplemental briefs on whether court abused discretion in modifying child support without finding either substantial change in circumstances of either party or that guideline indicated amount was at least 15 percent greater than guideline indicated amount at time of last order), cert. denied, 285 Conn. 911, 943 A.2d 472 (2008); *State* v. *Russell*, 101 Conn. App. 298, 922 A.2d 191 (supplemental briefs on whether claim before court should more properly be framed as one of insufficiency rather than instructional error), cert. denied, 284 Conn. 910, 931 A.2d 934 (2007); *Remax Right Choice* v. *Aryeh*, 100 Conn. App. 373, 918 A.2d 976 (2007) (supplemental briefs on impact of party's failure to timely file motion to vacate arbitration award); *Gorelick* v. *Montanaro*, 94 Conn. App. 14, 891 A.2d 41 (2006) (supplemental briefs regarding authority of successor judge when trial judge has died); *Segale* v. *O'Connor*, 91 Conn. App. 674, 881 A.2d 1048 (2005) (supplemental briefs on whether general verdict rule applied to claim on appeal); *Lovan C.* v. *Dept. of Children & Families*, 86 Conn. App. 290, 860 A.2d 1283 (2004) (supplemental briefs on parent's right to use reasonable physical force in disciplining child); *State* v. *Johnson*, 75 Conn. App. 643, 817 A.2d 708 (2003) (supplemental briefs in regard to irregularity in probation form discovered by this court on review); *Cumberland Farms, Inc.* v. *Zoning Board of Appeals*, 74 Conn. App. 622, 814 A.2d 396 (supplemental briefs on authority of estate's trustee regarding certain piece of property), cert. denied, 263 Conn. 901, 819 A.2d 836 (2003); *Collard & Roe, P.C.* v. *Klein*, 72 Conn. App. 683, 806 A.2d 580 (2002) (supplemental briefs on issues raised by court during oral argument but not set forth in opinion), on appeal after remand, 87 Conn. App. 337, 865 A.2d 500, cert. denied, 274 Conn. 904, 876 A.2d 13 (2005); *Rosengarten* v. *Downes*, 71 Conn. App. 372, 802 A.2d 170 (supplemental briefs on whether it was plain error for trial court to dismiss action without giving parties notice and hearing), cert. granted on other grounds,

261 Conn. 936, 806 A.2d 1066 (2002) (appeal dismissed as moot December 31, 2002); *Gould* v. *Mellick & Sexton*, 66 Conn. App. 542, 785 A.2d 265 (2001) (supplemental briefs on whether trial court had authority to render summary judgment under circumstances of case), rev'd on other grounds, 263 Conn. 140, 819 A.2d 216 (2003); *Krevis* v. *Bridgeport*, 64 Conn. App. 176, 779 A.2d 838 (2001) (supplemental briefs regarding propriety of oral motion for summary judgment), rev'd on other grounds, 262 Conn. 813, 817 A.2d 628, on remand, 80 Conn. App. 432, 835 A.2d 123 (2003), cert. denied, 267 Conn. 914, 841 A.2d 219 (2004); *Munroe* v. *Zoning Board of Appeals*, 63 Conn. App. 748, 778 A.2d 1007 (2001) (supplemental briefs regarding whether zoning board of appeals lacked jurisdiction to hear appeal from issuance of certificate of compliance by zoning enforcement officer), rev'd on other grounds, 261 Conn. 263, 802 A.2d 55 (2002), after remand, 75 Conn. App. 796, 818 A.2d 72 (2003).

Although this list enumerates recent cases in which this court has ordered supplemental briefs on issues or claims not raised by counsel, our practice is not unique. Our Supreme Court has taken a similar approach. See *Small* v. *Commissioner of Correction*, 286 Conn. 707, 946 A.2d 1203 (2008) (supplemental briefs concerning standard of review in certain types of habeas cases); *State* v. *Kalphat*, 285 Conn. 367, 939 A.2d 1165 (2008) (supplemental briefs concerning standing of defendant to challenge legality of search); *State* v. *Davis*, 283 Conn. 280, 929 A.2d 278 (2007) (same); *Brown* v. *Soh*, 280 Conn. 494, 909 A.2d 43 (2006) (supplemental briefs on impact of prior decision on exculpatory contracts signed by public users of commercial recreation services); *State* v. *DeCaro*, 280 Conn. 456, 908 A.2d 1063 (2006) (supplemental briefs regarding whether, in light of trial court's finding regarding compliance with subpoena, judgment should be affirmed); *State* v. *Kirby*, 280 Conn. 361, 908 A.2d 506 (2006) (supplemental briefs on whether certain statements properly admitted at trial); *Dark-Eyes* v. *Commissioner of Revenue Services*, 276 Conn. 559, 887 A.2d 848 (supplemental briefs on impact of United States Supreme Court decision involving city's assessment of property taxes against Indian tribe), cert. denied, 549 U.S. 815, 127 S. Ct. 347, 166 L. Ed. 2d 26 (2006); *Almada* v. *Wausau Business Ins. Co.*, 274 Conn. 449, 876 A.2d 535 (2005) (supplemental briefs on impact of prior decision on emotional distress claim); *Location Realty, Inc.* v. *General Financial Services, Inc.*, 273 Conn. 766, 873 A.2d 163 (2005) (supplemental briefs on applicability of particular statute to issue on appeal); *Bloom* v. *Gershon*, 271 Conn. 96, 856 A.2d 335 (2004) (supplemental briefs on impact of prior decision on whether claims commissioner had authority to permit apportionment complaint against state); *Nussbaum* v. *Kimberly Timbers, Ltd.*, 271 Conn. 65, 856 A.2d 364 (2004) (supplemental briefs on whether enforceability of arbitration provision in contract is question to be decided in first instance by arbitrator); *Pikulski* v. *Waterbury Hospital Health Center*, 269 Conn. 1, 848 A.2d 373 (2004) (supplemental briefs on applicability of recently issued appellate opinion to issue at hand); *Mandell* v. *Gavin*, 262 Conn. 659, 816 A.2d 619 (2003) (supplemental briefs on meaning of statutory term "consideration"); *Cox Cable Advisory Council* v. *Dept of Public Utility Control*, 259 Conn. 56, 788 A.2d 29 (supplemental briefs on whether federal

Because I can find no principled reason to distinguish the procedural facts at hand from those many instances in which this court or our Supreme Court has asked for supplemental briefs and thereafter considered the issue in formulating its opinion, I would reach the issue of the court's misapplication of the statutory criteria for a modification of alimony. In reaching this issue, I believe I would be compelled to reverse the court's judgment because, in reaching its decision, the court clearly did not apply the criteria set forth in General Statutes § 46b-86.

Recognizing this deficiency in the court's reasoning, the plaintiff nevertheless urges us to affirm the judgment on the ground that the actual change, on the basis of a correct comparison of income and asset values, warrants a finding of a substantial change in financial circumstances. The difficulty with this argument is that we are in no position to determine whether the evident error in calculation was harmless because such an analysis would require us to find facts. Thus, even if the

legislation preempted action of state advisory council), cert. denied, 537 U.S. 819, 123 S. Ct. 95, 154 L. Ed. 2d 25 (2002); *Darien* v. *Estate of D'Addario*, 258 Conn. 663, 784 A.2d 337 (2001) (supplemental briefs on meaning of statutory terms and relationship of certain statutes to one another); *Quarry Knoll II Corp.* v. *Planning & Zoning Commission*, 256 Conn. 674, 780 A.2d 1 (2001) (supplemental briefs on whether statutory amendment should be retroactively applied); *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 761 A.2d 740 (2000) (supplemental briefs on standard to be applied in assessing certain ineffective assistance of counsel claim); *Oxford Tire Supply, Inc.* v. *Commissioner of Revenue Services*, 253 Conn. 683, 755 A.2d 850 (2000) (supplemental briefs on whether statutory amendment should be retroactively applied).

The foregoing lists only recent cases and is not meant to be exhaustive. In compiling this list of cases in which this court or the Supreme Court has ordered supplemental briefs on issues raised by the court, I have purposefully omitted those cases in which the issue raised by the court implicated the court's subject matter jurisdiction because it is axiomatic that the court can always raise the question of its subject matter jurisdiction. I also have omitted those cases in which the Supreme Court has ordered supplemental briefs on a question of policy it has decided to review.

record reveals that there has been an increase in the value of the defendant's assets since the time of the marital dissolution, whether that change is substantial is a fact bound question that is not the province of this court to answer. If we were to find from the record that the facts presented to the court established a substantial change of circumstances, we would be engaged in fact-finding, a function not the province of this court. See *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 494, 934 A.2d 306 (2007), cert. denied, 285 Conn. 911, 943 A.2d 472 (2008). Thus, because the court's finding that the defendant's assets had increased 1000 percent is clearly erroneous, the court abused its discretion in granting the plaintiff's motion for modification. For this reason I would reverse the judgment of the trial court and remand this matter for a further hearing in accordance with the proper application of the law.

Accordingly, I respectfully dissent.

