Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

CAZENOVIA CREEK FUNDING I, LLC *v.* THE
WHITE EAGLE SOCIETY OF BROTHERLY
HELP, INC., GROUP 315, POLISH
NATIONAL ALLIANCE, ET AL.
(SC 20913)

Mullins, C. J., and McDonald, D'Auria, Ecker,
Alexander and Dannehy, Js.

*Syllabus*

The plaintiff, C Co., sought to foreclose two municipal tax liens for the grand lists of 2012 and 2013 of the city of Bridgeport on real property owned by the defendant. The city purportedly had assigned the tax liens to C Co.'s predecessor in interest, which then allegedly assigned its interest in the liens to C Co. After the defendant filed its answer and several special defenses, C Co. moved for summary judgment as to liability only. The defendant objected to C Co.'s motion, claiming, inter alia, that the Bridgeport City Council had failed to validly assign the liens to C Co. pursuant to the statute ((Rev. to 2015) § 12-195h) allowing for the assignment of liens securing unpaid taxes on real property by a resolution of a municipality's legislative body. The trial court granted C Co.'s motion for summary judgment as to liability, concluding that there was no genuine issue of material fact as to the validity of the assignments and that that determination resolved certain, but not all, of the defendant's special defenses. Subsequently, B Co. was substituted as the plaintiff, and the trial court rendered judgment of foreclosure by sale, from which the defendant appealed to the Appellate Court. Thereafter, the Appellate Court affirmed the trial court's judgment, and the defendant, on the granting of certification, appealed to this court. *Held*:

The Appellate Court correctly determined that the trial court had properly granted C Co.'s motion for summary judgment as to liability on the basis of the trial court's conclusion that there was no genuine issue of material fact as to whether the tax liens at issue had been validly assigned to C Co. in compliance with § 12-195h.

To establish the validity of the tax lien assignments, C Co. submitted certified copies of the agendas and minutes from two of the city council's meetings, at which the council approved the assignment of any or all tax liens and authorized the mayor of Bridgeport to enter into any agreements necessary to effectuate such assignments, and also approved each of the specific assignments at issue, which listed the defendant's name and property address, a bill number corresponding to each of the grand list years, and the specific amount of the tax debt from each grand list, and those documents

351 Conn. 722　　　　APRIL, 2025　　　　723

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

were sufficient to establish that the city had properly assigned the tax liens to C Co.'s predecessor in interest.

This court clarified that it was C Co., as the plaintiff, which ultimately bore the burden of establishing the validity of the assignments and, thus, of establishing its standing to foreclose the tax liens under § 12-195h, and concluded that C Co. had satisfied that burden and that the defendant had failed to establish that a genuine issue of material fact existed as to the validity of the assignments.

Moreover, this court clarified that motions for judgment in foreclosure actions are reserved for situations in which all defendants have had defaults entered against them, or all questions of liability, including all special defenses relating to liability, have been resolved in the plaintiff's favor, and determined that, although there were irregularities in the manner in which certain issues in the present case were raised and addressed in the trial court, the defendant had failed to object to those irregularities and, accordingly, waived any claims relating to them.

Argued December 9, 2024—officially released April 15, 2025

*Procedural History*

Action to foreclose municipal tax liens on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Hon. Dale W. Radcliffe*, judge trial referee, granted the plaintiff's motion for summary judgment as to liability only; thereafter, the plaintiff withdrew its action against the defendant John Doe; subsequently, Benchmark Municipal Tax Services, Ltd., was substituted as the plaintiff; thereafter, the court, *Hon. Dale W. Radcliffe*, judge trial referee, who, exercising the powers of the Superior Court, rendered judgment of foreclosure by sale, from which the named defendant appealed to the Appellate Court, *Elgo*, *Suarez* and *Clark*, *Js.*, which affirmed the trial court's judgment, and the named defendant, on the granting of certification, appealed to this court. *Affirmed.*

*John T. Bochanis*, for the appellant (named defendant).

*Juda J. Epstein*, for the appellee (substitute plaintiff).

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

*Opinion*

McDONALD, J. The named defendant, The White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance,[1] appeals from the judgment of the Appellate Court affirming the trial court's judgment of foreclosure by sale rendered in favor of the substitute plaintiff, Benchmark Municipal Tax Services, Ltd.[2] See *Cazenovia Creek Funding I, LLC* v. *White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance*, 220 Conn. App. 770, 772–73, 783, 300 A.3d 1167 (2023). The sole issue in this certified appeal is whether the Appellate Court properly upheld the trial court's determination that there was no genuine issue of material fact regarding whether the tax liens at issue had been validly assigned to the plaintiff. We affirm the judgment of the Appellate Court.

The defendant is the uncontested owner of real property located at 595 East Washington Avenue (property) in the city of Bridgeport (city). In April, 2014, the city's tax collector recorded a certificate of continuing tax lien on the property for the taxes due from the October 1, 2012 grand list in the amount of $12,838.74. In its operative complaint, the plaintiff alleged that, in June, 2014, the city assigned the tax lien to the plaintiff's predecessor in interest, MTAG Services, LLC, for the

_____

[1] The operative complaint also named the Water Pollution Control Authority for the City of Bridgeport, Aquarion Water Company of Connecticut, and John Doe as defendants. On February 20, 2020, the original plaintiff, Cazenovia Creek Funding I, LLC, withdrew its action as against Doe. Because the Water Pollution Control Authority for the City of Bridgeport and Aquarion Water Company of Connecticut have not participated in this appeal, we refer to The White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance, as the defendant.

[2] Cazenovia Creek Funding I, LLC, commenced this tax lien foreclosure action in 2018. Thereafter, Benchmark Municipal Tax Services, Ltd., was substituted as the plaintiff. For convenience, we hereinafter refer to the original plaintiff, Cazenovia Creek Funding I, LLC, as the plaintiff and to Benchmark Municipal Tax Services, Ltd., as the substitute plaintiff.

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

unpaid tax amount, plus interest and fees, for the 2012 grand list. In April, 2015, the city's tax collector recorded a second certificate of continuing tax lien on the property for the taxes due from the October 1, 2013 grand list in the amount of $29,820.20. The plaintiff alleged that, later in April, 2015, the city assigned the tax lien for the unpaid tax amount, plus interest and fees, for the 2013 grand list to MTAG Services, LLC. In July, 2015, MTAG Services, LLC, assigned its interest in the tax liens to the plaintiff and duly recorded the assignments with the city's town clerk.

In April, 2018, the plaintiff, as the purported owner of the liens, commenced the present action. In its June, 2018 amended complaint, the plaintiff sought to foreclose the two tax liens for the grand lists of 2012 and 2013. The defendant filed its answer and asserted six special defenses: (1) payment of the underlying taxes, (2) the defendant had "made all applicable payments" pursuant to a 2002 agreement, (3) the plaintiff had "refused to accept payments," which the trial court referred to as the "accord and satisfaction" special defense, (4) the plaintiff had "failed to establish that it has the right to act on behalf of the city," (5) the plaintiff failed to prove that it had been assigned the right to foreclose on the liens, and (6) the plaintiff had "failed to properly file the liens . . . ." The plaintiff did not reply to the special defenses. On September 18, 2018, however, the plaintiff moved for summary judgment as to liability. The defendant filed an objection to the plaintiff's motion for summary judgment, claiming, among other things, that the tax liens at issue were not properly assigned to the plaintiff.

In November, 2018, before any action was taken by the trial court on the plaintiff's motion for summary judgment, the defendant moved to dismiss the action on the ground that the plaintiff lacked standing under

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

General Statutes (Rev. to 2015) § 12-195h,[3] which allows for the assignment of tax liens by a resolution of a municipality's legislative body. The defendant contended that the plaintiff had failed to establish that it was validly assigned the liens by the Bridgeport City Council (city council). To establish the validity of the assignments, the plaintiff submitted certified copies of the city council's meeting agendas and minutes from its April 21, 2014 and April 20, 2015 meetings, at which the city council approved resolutions authorizing certain municipal tax lien assignments. The plaintiff also submitted a certified copy of each of the purported assignments from the city to MTAG Services, LLC, as custodian for Caz Creek CT, LLC, for the 2012 and 2013 grand lists.[4]

Following a hearing, the trial court denied the defendant's motion to dismiss and made a finding that the court had subject matter jurisdiction. The court subsequently issued a Judicial Notice (JDNO) denying the motion to dismiss.

---

[3] Although General Statutes (Supp. 2014) § 12-195h was the version in effect at the time of the 2014 assignment and General Statutes (Rev. to 2015) § 12-195h was the statute applicable to the 2015 assignment, those two versions are identical. In the interest of simplicity, and unless otherwise indicated, we refer throughout this opinion to the 2015 revision of § 12-195h.

[4] During the hearing on the defendant's motion to dismiss, the defendant's counsel argued that the assignments that were provided by the plaintiff did not apply to the plaintiff because the liens were assigned to Caz Creek CT, LLC, not to the plaintiff. The assignments, however, were from the city to "MTAG Services, LLC, as custodian for Caz Creek CT, LLC . . . ." There was a subsequent assignment from MTAG Services, LLC, as custodian for Caz Creek CT, LLC, to the plaintiff. See footnote 2 of this opinion. Section 12-195h provides in relevant part that an assignee "shall have and possess the same powers and rights at law or in equity as such municipality and municipality's tax collector would have had . . . ." The initial assignment from the city to MTAG Services, LLC, states that the assignee has "all of the [c]ity's right, title and interest in and to certain liens" and that "the [a]ssignee is assuming . . . all of the rights at law or in equity, obligations, powers and duties as the [c]ity . . . and [its] tax collector would have with respect to the . . . liens . . . ."

351 Conn. 722 APRIL, 2025 727

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

Thereafter, on February 18, 2020, the trial court held a hearing on the plaintiff's motion for summary judgment as to liability only. During the hearing, the plaintiff's counsel argued that the plaintiff had submitted certified documentation, such that "there's no testimony required for the plaintiff to prove to the court that the taxes are . . . due and owing . . . [and] that [this] would apply to special defenses four, five and six . . . ."[5] The primary argument of the defendant's counsel in opposition was that the assignments were not approved by the city council because the meeting minutes that the plaintiff had previously submitted to the court, which were discussed during the hearing on the defendant's motion to dismiss, did not establish that the assignments at issue were ever made. As support for its contention that the city council did not properly assign the liens, the defendant submitted minutes from two other city council meetings, in which the subject liens were neither discussed nor assigned. The defendant's counsel argued that these materials, taken as a whole, created a question of material fact as to the lien assignments. The question to be resolved at trial, argued the defendant's counsel, was whether the assignments were proper. The plaintiff's counsel disagreed and contended that this identical argument had been raised and resolved in the plaintiff's favor in the order denying the defendant's motion to dismiss, thus establishing the law of the case. See, e.g., *Breen* v. *Phelps*, 186 Conn. 86, 99, 439 A.2d 1066 (1982). The defendant's counsel also raised the defendant's payment and accord and satisfaction special defenses.

The trial court ultimately made "a finding that, [on the basis of] the information [it had] before [it] properly under summary judgment . . . the assignments were

_____
[5] The trial court then noted that the plaintiff's evidence, if credited, "would simply indicate that the matter is properly here. The other three special defenses aren't affected by that . . . ."

properly made for the grand list of October 1, 2012, effective July 1, 2013, and for the grand list of . . . October 1, 2013, effective July 1, 2014. So . . . [the tax liens from] both grand lists have been properly assigned." The trial court granted the plaintiff's motion for summary judgment as to liability only. The court explained that "the only issue[s]" that it had before it were whether the liens were "properly assigned by the city council and are the . . . [tax liens from the] grand list[s] of 2012 and 2013 . . . ." The court determined that "there is . . . a genuine issue of material fact as to whether . . . the liens on both of these lists . . . have been paid or whether they have not . . . been paid." As a result, the court concluded: "I'll make a specific finding that the defendant is not precluded from proceeding concerning its special defenses of payment . . . the 2002 agreement, or accord and satisfaction." The court noted that those special defenses will be "the subject of a trial, which will, of course, follow . . . this proceeding." The court subsequently issued a JDNO granting the plaintiff's motion for summary judgment as to liability only and noting that the "[d]efendant is not precluded from proceeding concerning its special defenses of payment, the 2002 agreement, or accord and satisfaction." The next day, the plaintiff filed a motion for a judgment of strict foreclosure.

Contrary to the trial court's statement, a trial never followed the hearing on the plaintiff's motion for summary judgment. Rather, the next day, the plaintiff moved for a judgment of strict foreclosure. The next court proceeding was a hearing on the plaintiff's motion for a judgment of strict foreclosure, which was held on October 13, 2021.

At the strict foreclosure hearing, the defendant's counsel objected to the motion, arguing, among other things, that the tax debt had been paid and was not owed. At the outset of the hearing, the court found that "there

351 Conn. 722 APRIL, 2025 729

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

would appear to be plenty of equity in the property,'' such that ''this [action] should be the subject of a foreclosure by sale rather than a strict foreclosure.'' The parties and the court proceeded to discuss the amount of the underlying debt, a discussion that included the defendant's arguments that it had paid the taxes. Initially, the court indicated that it believed that this issue had been decided in connection with the summary judgment hearing but was subsequently corrected that it was not and that it had been reserved for this time. The defendant's counsel noted that he had copies of canceled checks to establish payment. The substitute plaintiff's counsel acknowledged that there had been partial payments for the 2012 grand list and that this was why the amount owed for the 2012 grand list was less than the amount owed for the 2013 grand list. The court explained to the defendant's counsel that ''[t]he lien may include the entire tax assessed or it may include a balance after a portion had been paid.'' After the defendant's counsel conceded that the defendant had not specifically requested that the city release the 2012 lien, the court concluded that ''simply showing canceled checks of payment doesn't show that that lien has in fact been released or satisfied.'' The court then made a finding that the tax liens for the grand lists of 2012 and 2013 were due and payable. The court ultimately ordered, inter alia, a foreclosure by sale. The trial court issued a JDNO, which memorialized its orders.

The defendant appealed from the trial court's judgment of foreclosure by sale to the Appellate Court. See *Cazenovia Creek Funding I, LLC* v. *White Eagle Society of Brotherly Help, Inc.*, *Group 315*, *Polish National Alliance*, supra, 220 Conn. App. 772, 775. It argued that the trial court improperly (1) granted the plaintiff's motion for summary judgment as to liability after determining that the city had properly assigned the tax liens to the plaintiff for the 2012 and 2013 grand lists,

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

and (2) found that the debt was due to the plaintiff. Id., 772–73. The Appellate Court affirmed the judgment of the trial court. Id., 783. We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court correctly determine that the trial court had properly granted the plaintiff's motion for summary judgment as to liability on the basis of its conclusion that there was no genuine issue of material fact regarding whether the tax liens at issue had been validly assigned to the plaintiff in compliance with . . . § 12-195h?" *Cazenovia Creek Funding I, LLC* v. *White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance*, 348 Conn. 917, 303 A.3d 914 (2023).

On appeal, the defendant reiterates its argument that the plaintiff "did not provide any document or [other] proof [showing] that the [city's] 'legislative body' . . . made any resolution to assign the collection of tax liens at issue for the grand lists of 2012 and 2013 to the plaintiff." The defendant appears to contend that the documents submitted by the plaintiff were insufficient to establish the validity of the tax lien assignments because the minutes of the April 21, 2014 and April 20, 2015 meetings referred only to an assignment of taxes for the " 'fiscal year 2014.' " We conclude that the trial court correctly determined that there was no genuine issue of material fact as to the validity of the assignments.

"The standard of review of a trial court's decision to [render] summary judgment is well established. [W]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . This court's review of

351 Conn. 722 APRIL, 2025 731

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

the trial court's decision to [render] summary judgment in favor of the defendants is plenary." (Citation omitted; internal quotation marks omitted.) *Connecticut Dermatology Group, PC* v. *Twin City Fire Ins. Co.*, 346 Conn. 33, 41, 288 A.3d 187 (2023).

"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the [trial] court under Practice Book § [17-45]. . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . [that] contradict those stated in the movant's affidavits and documents." (Citations omitted; internal quotation marks omitted.) *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578–79, 573 A.2d 699 (1990).

Practice Book § 10-70 sets forth a plaintiff's burden of proof in a municipal tax lien foreclosure action. Section 10-70 provides in relevant part: "(a) In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) the ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made; (2) that thereafter a tax in the amount specified in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable; (3) (to be used only in cases where the lien has been continued by certificate) that thereafter

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

a certificate of lien for the amount thereof was duly and properly filed and recorded in the land records of the said town on the date stated; (4) that no part of the same has been paid; and (5) other encumbrances as required by the preceding section. . . .''

At the outset, we note our agreement with the Appellate Court that the plaintiff has met its prima facie burden of establishing its ability to foreclose on the liens. See *Cazenovia Creek Funding I, LLC* v. *White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance*, supra, 220 Conn. App. 777. The plaintiff submitted certified documentation satisfying the requirements of Practice Book § 10-70 (a). Two such documents were the certified copies of the certificates of continuing tax liens for the taxes due on the property relating to the 2012 and 2013 grand lists. Practice Book § 10-70 (b) provides in relevant part that, ''[w]hen the lien has been continued by certificate, the production in court of the certificate of lien, or a certified copy thereof, shall be prima facie evidence that all requirements of law for the assessment and collection of the tax or assessment secured by it, and for the making and filing of the certificate, have been duly and properly complied with. . . .'' There is, therefore, ample evidence that the plaintiff established a prima facie case with respect to its ability to foreclose on the liens.

The crux of the defendant's contention on appeal, however, is that the liens were not validly assigned and that the plaintiff consequently lacked the authority to foreclose on the liens. The substitute plaintiff contends that, pursuant to § 12-195h, the city council validly assigned to the plaintiff the tax liens for both the 2012 and 2013 grand lists. Section 12-195h provides in relevant part: ''Any municipality, by resolution of its legislative body . . . may assign, for consideration, any and all liens filed by the tax collector to secure unpaid taxes on real property as provided under the provisions of

351 Conn. 722          APRIL, 2025          733

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

this chapter. . . . The assignee or assignees of such liens shall have and possess the same powers and rights at law or in equity as such municipality and municipality's tax collector would have had if the lien had not been assigned with regard to the precedence and priority of such lien, the accrual of interest and the fees and expenses of collection and of preparing and recording the assignment. The assignee shall have the same rights to enforce such liens as any private party holding a lien on real property including, but not limited to, foreclosure and a suit on the debt. . . .'' The city's ''legislative body'' is its city council.

Although the record in this case is not a model of clarity, and the defendant, on appeal, focuses solely on the trial court's decision to grant the plaintiff's motion for summary judgment as to liability, our review of the record reveals that the court addressed the propriety of the assignments on two distinct occasions: (1) when ruling on the defendant's motion to dismiss, and (2) when ruling on the plaintiff's motion for summary judgment. A review of both decisions is necessary to determine whether there was a genuine issue of material fact regarding the validity of the assignments.

First, the defendant filed a motion to dismiss, arguing that the trial court lacked subject matter jurisdiction because the plaintiff had ''not provided a copy of any resolution of the city . . . authorizing the assignment[s] . . . .'' To establish the validity of the tax lien assignments, the plaintiff submitted to the court certified copies of the city council's meeting agenda and minutes from its April 21, 2014 meeting, which, the plaintiff argued, established the validity of the assignment of the tax liens from the 2012 grand list. In the ''matters to be acted upon'' portion of the agenda was resolution number 44-13, which the agenda labeled as ''Contracts Committee Report re: Assignment of Tax Liens for Fiscal Year 2014.'' The resolution was a recom-

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

mendation from the Committee on Contracts of the city council to the whole city council, and it provided in relevant part: "The [c]ity [c]ouncil . . . authorizes and approves the assignment for consideration of *any or all tax liens by the* [*t*]*ax* [*c*]*ollector* to secure unpaid taxes on real property as provided under the provision of [c]hapter 206 of the Connecticut General Statutes . . . ."[6] (Emphasis added.) The recommendation also authorized the city's mayor to enter into any agreements "necessary to effectuate the assignment of real property tax liens in form and substance satisfactory to the [m]ayor, the [d]irector of [f]inance, the [t]ax [c]ollector and the [c]ity [a]ttorney." The minutes for the April 21, 2014 meeting indicated that the motion to approve the items on the consent calendar, including resolution number 44-13, was unanimously approved by the city council.

The plaintiff also submitted certified copies of the city council's meeting agenda and minutes from its April 20, 2015 meeting, which, the plaintiff contended, established the validity of the assignment of the tax liens from the 2013 grand list. These documents indicated that the city council unanimously approved resolution number 47-14, titled "Contracts Committee Report re: Assignment of Tax Liens for Fiscal Year 2014." The wording of resolution number 47-14 is substantively the same as that of resolution number 44-13.

In addition to the copies of meeting agendas and minutes, the plaintiff also submitted a certified copy of

---

[6] Although resolution numbers 44-13 and 47-14 both reference chapter 206 of the General Statutes, we believe that the city council was referring to chapter 205 of the General Statutes. Chapter 206 sets forth provisions regarding school district taxes. In contrast, chapter 205, titled "Municipal Tax Liens," addresses, among other things, tax liens and the assignment of tax liens. See, e.g., General Statutes §§ 12-172, 12-173, 12-177 and 12-195h. Indeed, despite the reference to chapter 206, both resolutions go on to cite § 12-195h, which is contained in chapter 205. In addition, the assignment of the tax lien filed in connection with the 2012 grand list properly references chapter 205.

each of the purported assignments, issued pursuant to § 12-195h, of municipal tax liens for the 2012 and 2013 grand lists. Each assignment was similarly worded and was signed on behalf of the city by the city's mayor, "[d]uly [a]uthorized." The assignment of the 2012 grand list tax liens, which was dated June 24, 2014, provided in relevant part that the city, "on behalf of its successors and assigns forever, for good and valuable consideration receipt of which is hereby acknowledged, does hereby grant and assign to MTAG Services, LLC, as custodian for Caz Creek CT, LLC, a Delaware limited partnership . . . its successors and assigns forever, all of the [c]ity's right, title and interest in and to certain liens created by law in favor of the [c]ity . . . to allow the tax collector of [the] [c]ity to secure unpaid taxes on real property, as provided under the provision of [c]hapter 205 of the Connecticut General Statutes, such liens described, listed and identified on the [s]chedule A attached hereto and incorporated herein by reference."[7] Each assignment referenced tax liens identified on a schedule A that was attached to the assignment. Schedule A to the purported 2012 assignment listed, among other things, a 2012 bill number associated with the defendant and a tax due of $12,838.74 for the property located at 595 East Washington Avenue. Schedule A to the purported 2013 assignment similarly listed, among

---

[7] The assignment of the 2013 grand list tax liens, which was dated April 27, 2015, provided in relevant part that the city, "for consideration paid, hereby assigns to MTAG Services, LLC, as custodian for MTAG Caz Creek CT, LLC, a Delaware limited partnership . . . (hereinafter the '[a]ssignee'), all of the [c]ity's right, title and interest in the tax liens identified on [s]chedule A attached hereto and made a part hereof . . . ." This assignment also stated that, "to the extent permitted by law, the [c]ity assigns to said [a]ssignee all of the [c]ity's right, title and interest in all [r]elated [c]laims as that term is defined in the [a]greement of [a]ssignment of [m]unicipal [t]ax [l]iens [b]etween the [c]ity . . . and MTAG Caz Creek CT, LLC, dated on or about June 28, 2012, and June 27, 2013." We note that the parties have not identified, and our review of the record has not uncovered, the agreement referred to in this assignment.

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

other things, a 2013 bill number associated with the defendant and a tax due of $29,820.70 for the property located at 595 East Washington Avenue. Following a hearing, the trial court denied the defendant's motion to dismiss and made "a finding that the court ha[d] subject matter jurisdiction based [on] the action of the . . . city council for taxes due on the grand list[s] of [October 1, 2012] and [October 1, 2013] and subsequent lists as [pleaded]."

The trial court next considered the propriety of the assignments when addressing the plaintiff's motion for summary judgment. During the hearing on that motion, the defendant's counsel raised the defendant's special defense regarding the assignments. Counsel argued that there was a genuine issue of material fact regarding the validity of the assignments. This argument mirrored the argument the defendant raised regarding its motion to dismiss. The defendant also submitted minutes from two additional city council meetings, in which the liens were not assigned, as support for its contention that the city council did not properly assign the liens.

After noting that it had addressed the validity of the assignments during the hearing on the defendant's motion to dismiss, the trial court made a finding that, "[on the basis of] the information [it had] before [it] properly under summary judgment . . . the assignments were properly made for the grand list of October 1, 2012, effective July 1, 2013, and for the grand list of . . . October 1, 2013, effective July 1, 2014. So . . . both grand lists have been properly assigned."

In sum, the plaintiff submitted certified copies of agendas and minutes from two of the city council's meetings, at which the city council, pursuant to § 12-195h, unanimously approved resolutions to authorize the assignments "of any or all tax liens by the [t]ax [c]ollector . . . ." These resolutions also authorized

351 Conn. 722 APRIL, 2025 737

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

the city's mayor to enter into any agreements necessary to effectuate the assignments. Pursuant to these resolutions, the mayor entered into agreements to assign the tax liens from the 2012 and 2013 grand lists. Contrary to the defendant's contention on appeal that the plaintiff "did not provide any document or [other] proof [showing] that the [city's] 'legislative body' . . . made any resolution to assign the collection of tax liens at issue . . . to the plaintiff," the plaintiff offered documentary evidence demonstrating that the city's legislative body, the city council, had authorized the mayor to assign the tax liens, which the mayor in fact did. The assignments list the defendant's name, its property address, a bill number corresponding to each of the grand list years, and the specific amount of the debt from each grand list. We have little trouble concluding that the city assigned the tax liens at issue to the plaintiff's predecessor in interest. Accordingly, the trial court properly denied the defendant's motion to dismiss, concluding that the plaintiff had standing, and granted the plaintiff's motion for summary judgment as to liability by referring to, and expounding on, its earlier ruling on the defendant's motion to dismiss when addressing the defendant's special defense of assignment.

The defendant contends that the language contained in the meeting agendas and minutes, which referenced the assignment of tax liens for "[f]iscal [y]ear 2014," necessarily precludes the assignments of the tax liens from the 2012 and 2013 grand lists. The reference to fiscal year 2014, the defendant contends, creates a genuine issue of material fact because, strictly construed, § 12-195h requires the city council to have assignments for each *grand list* year, not for each *fiscal* year. We are not persuaded. The defendant has not pointed to any authority—statutory or otherwise—for the proposition that a municipality's legislative body must specifically enumerate the grand list year as opposed to the fiscal

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

year. Section 12-195h does not use the terms "fiscal year" or "grand list." Moreover, although the meeting agendas and minutes reference "fiscal year," the actual resolutions approved by the city council do not contain the "fiscal year" language. Rather, they provide for the assignment of "any or all tax liens by the [t]ax [c]ollector to secure unpaid taxes on real property . . . ." The plain language contained in the resolutions themselves, rather than the language of the agendas, governs our interpretation. Cf. 6 E. McQuillin, The Law of Municipal Corporations (3d Ed. Rev. 2023) § 20:45, pp. 228–29, and (Cum. Supp. 2024) § 20:45, p. 8 (construction of municipal ordinances "start[s] with the text," and, "[t]o enable a court to insert into a city ordinance omitted words or read in it different words from those found in it, the intent thus to have it read must be plainly deducible from other parts of the ordinance"); 6 E. McQuillin, supra, § 20:49, p. 261 (3d Ed. Rev. 2023) ("[when] an ordinance embodies definite meaning and involves no absurdity or contradiction, literal enforcement of its terms is required, and a court will not nullify by construction obvious requirements of the ordinance").

The defendant also contends that it was impossible for the 2012 and 2013 tax liens to be encompassed in the fiscal year of 2014. We disagree. The taxes assessed in connection with the 2012 grand list would not have been overdue until fiscal year 2014, and the taxes assessed in connection with the 2013 grand list would not have been overdue until fiscal year 2015.[8] The defendant's counsel conceded this point before the trial court, and this is consistent with the timing of the assignments in the present case. The assignment of the tax liens from the 2012 grand list is dated June 24, 2014.

---

[8] Specifically, the taxes assessed in connection with the grand list of October 1, 2012, were due on July 1, 2013, and January 1, 2014. The taxes assessed in connection with the grand list of October 1, 2013, were due on July 1, 2014, and January 1, 2015.

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

The assignment of the tax liens from the 2013 grand list is dated April 27, 2015. Thus, the resolutions were referring to liens that were approved by the city council in the fiscal years of 2014 and 2015, not to taxes that were assessed during each of those fiscal years. Indeed, the 2012 grand list assignment was executed approximately two months after resolution number 44-13 was approved by the city council, and the 2013 grand list assignment was executed just seven days after resolution number 47-14 was approved by the city council. Moreover, the defendant did not identify any evidence, relying instead on mere assertions of fact, to demonstrate that the "fiscal year" language contained in the meeting agendas and minutes does not include prior year tax liens held by the municipality. Accordingly, we agree with the trial court that there was no genuine issue of material fact regarding the validity of the assignments and conclude that the granting of the plaintiff's motion for summary judgment was proper.

Finally, the defendant contends that the assignments from MTAG Services, LLC, to the subsequent assignees were invalid because the subsequent assignments were not approved by the city council. In 2021, the legislature amended § 12-195h to require that, for assignments "executed on or after July 1, 2022," there is "a prohibition on the assignee assigning the lien without the municipality's prior written consent . . . ." Public Acts 2021, No. 21-143, § 1 (P.A. 21-143), codified at General Statutes (Supp. 2022) § 12-195h (c). The assignments at issue in the present case, however, were executed in 2014 and 2015, when a municipality's authorization was not required for such subsequent assignments. As a result, the new language of P.A. 21-143, § 1, that now appears in § 12-195h (c) (5) is inapplicable, and the city council was not required to authorize the subsequent assignments.

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

We do wish to clarify one aspect of the Appellate Court's rationale with which we disagree. The Appellate Court's analysis, at least in part, appears to have improperly placed the burden of establishing the invalidity of the assignments on the defendant. Specifically, the Appellate Court reasoned that, after the plaintiff presented "prima facie evidence . . . [a]ny claimed informality, irregularity or invalidity in the assessment or attempted collection of the tax, or in the lien filed, shall be a matter of affirmative defense to be alleged and proved by the defendant." (Internal quotation marks omitted.) *Cazenovia Creek Funding I, LLC* v. *White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance*, supra, 220 Conn. App. 778. We disagree. The trial court initially addressed the assignment issue when it considered the defendant's motion to dismiss. In its motion to dismiss, the defendant argued that the plaintiff lacked standing under § 12-195h. It is well established that "[t]he plaintiff has the burden of proving standing." (Internal quotation marks omitted.) *Bank of New York Mellon* v. *Tope*, 345 Conn. 662, 678, 286 A.3d 891 (2022). Accordingly, it was the plaintiff which bore the burden of establishing the validity of the assignments and, thus, its standing to foreclose on the tax liens. As we explained, the plaintiff has satisfied this burden by presenting evidence that established the validity of the assignments pursuant to § 12-195h. Although the defendant raised this issue again in the form of a special defense, in considering the plaintiff's motion for summary judgment, the trial court rightly referred to its earlier ruling on the motion to dismiss, which addressed the same issue, and noted that the defendant had failed to establish that any genuine issue of material fact existed as to the validity of the assignments. We agree with the trial court that there was no genuine issue of material fact because the plaintiff had presented evidence that established the validity of the assignments,

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

and the defendant did not present any relevant evidence sufficient to demonstrate the existence of a disputed factual issue on this point. The defendant's "[m]ere assertions of fact" were insufficient to defeat summary judgment. (Internal quotation marks omitted.) *Hammer* v. *Lumberman's Mutual Casualty Co.*, supra, 214 Conn. 579.

It is understandable, however, how the Appellate Court may have arrived at its conclusion. Had the trial court and the parties handled this case in a more straightforward manner, any procedural irregularities or ambiguity in the court's rulings could have been avoided.[9] We recognize that the trial court stated, during the hearing on the plaintiff's motion for summary judgment as to liability, "I've tried to make some sort of sense out of untying this Gordian knot. I'm not sure that I have succeeded." But the procedural complexities of the case are compounded by the trial court's choice not to issue any written decision setting forth a discussion of

_____

[9] Although not at issue in this appeal, we note that the manner by which the trial court stated its decision makes it difficult to ascertain how the defendant's remaining special defenses were resolved. It appears that, in addition to granting the plaintiff's motion for summary judgment as to liability, the trial court also ruled in favor of the plaintiff with respect to the defendant's special defenses four, five and six, which raised the question of whether the plaintiff had the authority to bring the tax foreclosure action. During the hearing on the plaintiff's motion for a judgment of strict foreclosure, the trial court appears to have, at least implicitly, considered and ruled on the defendant's remaining special defenses, namely, special defenses one, two and three, which relate to liability. In special defense one, the defendant alleged that "[a]ll applicable taxes due to the plaintiff have been paid"; in special defense two, the defendant alleged that "[t]he plaintiff and the defendant [had] entered into a stipulation for payment of taxes to the plaintiff in court on or about March 11, 2002, and the defendant has made all applicable payments pursuant to said stipulation"; and, in special defense three, the defendant alleged that it "has attempted to make payments for the applicable taxes [that] are the subject of the instant case, but the plaintiff has refused to accept payments." Without a written memorandum of decision from the trial court, or at least a clear articulation on the record, we cannot be certain that the court ruled in favor of the plaintiff on those special defenses.

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc.,
Group 315, Polish National Alliance

the facts or providing any legal analysis to support its conclusion. Although the rules of practice do not require a written decision in these circumstances, a written decision certainly would have aided appellate review of the case. Moreover, it is the appellant who bears the burden of providing an adequate record for this court to review. See, e.g., Practice Book § 61-10 (a); *Desrosiers* v. *Henne*, 283 Conn. 361, 366 n.4, 926 A.2d 1024 (2007). In this case, the defendant did not request an articulation from the trial court.

We take this opportunity to note the irregular manner in which certain issues were raised and addressed in the trial court. We remind both the bench and bar that motions for judgment in foreclosure actions are reserved for situations in which any and all defendants have had defaults entered against them for one reason or another, or all questions of liability, including all special defenses relating to liability, have been resolved in favor of the plaintiff. See, e.g., Practice Book § 17-33 (b) ("[s]ince the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned, the judicial authority, at or after the time it renders the default . . . may also render judgment in foreclosure cases . . . provided the plaintiff has also made a motion for judgment and provided further that any necessary [documents] . . . are submitted to the judicial authority"). A motion for a judgment of foreclosure is not appropriate when, as here, the defendant has timely answered the complaint and asserted special defenses relating to liability that remain unresolved. Cf. *JPMorgan Chase Bank, National Assn.* v. *Syed*, 197 Conn. App. 129, 143–44, 231 A.3d 286 (2020) ("Payment, such that a debt is no longer owed to a plaintiff, is a valid defense to liability in a foreclosure action. . . . By contrast, a defense as to the amount of the debt, which becomes applicable only after liability has been determined, involves a

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

defendant's challenge to a plaintiff's claim as to the amount of the mortgage debt that remains due." (Citation omitted.)). Although the court granted the plaintiff's motion for summary judgment as to liability and ruled in favor of the plaintiff on some of the defendant's special defenses, other asserted special defenses, which also related to liability, survived the plaintiff's motion for summary judgment and needed to be tried. See footnote 9 of this opinion; see also, e.g., 1 D. Caron et al., Connecticut Foreclosures (15th Ed. 2025) § 7-1, p. 639 ("Practice Book § 11-13 permits foreclosure matters to be [placed] on the short calendar list, *provided the only question is as to the time to be limited for redemption*" (emphasis added; internal quotation marks omitted)). In cases that have unresolved questions about liability or unresolved special defenses relating to liability, the foreclosure action should proceed just as any other civil matter would—to trial. A foreclosure action is a civil action and is subject to the ordinary rules of civil procedure, unless superseded by a more specific rule pertaining to foreclosure actions. See, e.g., 1 D. Caron et al., supra, § 1-1:1, p. 3 ("[a]ll foreclosures in Connecticut must be prosecuted as judicial civil actions"); cf. *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 555, 223 A.3d 368 (2020) ("[a] habeas corpus action, as a variant of civil actions, is subject to the ordinary rules of civil procedure, unless superseded by the more specific rules pertaining to habeas actions" (internal quotation marks omitted)).

In the present case, not only did the defendant file a timely answer to the complaint, but it also asserted six special defenses. The plaintiff never filed a reply to the special defenses, and the trial court never required it to do so. Following its decision to grant the plaintiff's motion for summary judgment as to liability, the court noted that three of the defendant's special defenses, which relate to liability, would be "the subject of a trial,

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

which will, of course, follow . . . this proceeding.'' A trial never followed the hearing on the motion for summary judgment. Although we recognize that the trial court was trying to move this case toward a resolution, it should have required the plaintiff to file a reply to the remaining special defenses and a certificate of closed pleadings. The court then should have scheduled the matter for a trial on the remaining special defenses that relate to liability, assuming the plaintiff had denied them in its reply. See Practice Book §§ 10-56 and 14-8 (a). Special defenses that challenge the defendant's liability are not properly resolved at a short calendar call for foreclosure default judgments. If the trial court does not resolve them by way of summary judgment, they should be resolved at a trial.[10] See, e.g., *Almada* v. *Wausau Business Ins. Co.*, 274 Conn. 449, 456, 876 A.2d 535 (2005) (''[t]he fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway'' (internal quotation marks omitted)). Here, the defendant never objected to any of these procedural irregularities, and any claims related to those irregularities therefore are deemed to have been waived. See, e.g., *Lime Rock Park, LLC* v. *Planning & Zoning Commission*, 335 Conn. 606, 623–24, 264 A.3d 471 (2020)

---

[10] At the conclusion of the trial or upon the trial court's granting of a motion for summary judgment, after it has considered and ruled on any and all special defenses, the rules of practice require the court to ''state its decision either orally or in writing . . . in rendering judgments in trials to the court in civil . . . matters . . . . The judicial authority's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by an official court reporter or court recording monitor and, if there is an appeal, the trial judge shall create a memorandum of decision for use in the appeal by ordering a transcript of the portion of the proceedings in which it stated its oral decision. The transcript of the decision shall be signed by the trial judge and filed in the trial court clerk's office.'' Practice Book § 6-1 (a). Because the trial court never held a trial, there was no decision rendered in conformity with this rule.

351 Conn. 722 APRIL, 2025 745

Cazenovia Creek Funding I, LLC *v.* White Eagle Society of Brotherly Help, Inc., Group 315, Polish National Alliance

("Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Internal quotation marks omitted.)).

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.